**In re Pauline RICHARDSON, Debtor.**

**Bankruptcy No. 91–10945.**

United States Bankruptcy Court,
E.D. Texas,
Beaumont Division.

Jan. 13, 1992.

Robert E. Barron, Nederland, Tex., for debtor.

Julie Mitchell Koenig, Houston, Tex., for Best Foreign and American Auto Sales.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

The Motion of Debtor, Pauline Richardson, for Damages against Best Foreign and American Auto Sales for Violation of the Automatic Stay came on for consideration pursuant to a regularly scheduled hearing. This opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052 and disposes of all the issues presented to the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are not materially disputed. On or about January 25, 1991, Pauline Richardson, hereinafter referred to as ("Debtor"), purchased a 1986 Honda Accord from Best Foreign and American Auto Sales, hereinafter referred to as ("BFAAS"), a Houston, Texas, car dealership. Pursuant to her contract with BFAAS, Debtor agreed to pay 34 monthly payments of $250.00 each in addition to maintaining full coverage insurance on the vehicle. After making the first four payments, Debtor ran into financial difficulties and was unable to satisfy her obligation to BFAAS. In response, BFAAS lawfully repossessed the vehicle on August 17, 1991. Debtor filed for relief under Chapter 13 of the Bankruptcy Code four days later on August 21, 1991.

On August 22, 1991, a staff member in the office of Debtor's attorney contacted BFAAS and informed it of Debtor's Chapter 13 petition. The staff member requested turnover of the vehicle which was refused. The next day, Debtor's attorney renewed the turnover demand by letter and informed BFAAS that its continued retention of the vehicle constituted a violation of 11 U.S.C.A. § 362. BFAAS reiterated its position that it did not have to return the vehicle. Debtor filed this motion for damages on October 4, 1991.

## ISSUE

The issue before this Court concerns whether a creditor's post-petition retention of collateral lawfully seized prepetition with no other action than to maintain the status quo as of the filing date is a violation of the automatic stay.

## DISCUSSION OF LAW

It is beyond dispute that Debtor's automobile, while lawfully repossessed prior to the filing of Debtor's bankruptcy petition, continues to be property of the estate. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 2315, 76 L.Ed.2d 515 (1983) (the estate includes property of the debtor that has been seized by a creditor prior to the filing of a petition for reorganization). Furthermore, it is equally clear that the holding in *Whiting Pools* extends and is applicable in the context of a Chapter 13 case. *In re: Attinello*, 38 B.R. 609, 611 (Bankr.E.D.Penn.1984).

Debtor requests that this Court find BFAAS in contempt for violating the automatic stay and award appropriate damages.

Debtor argues that BFAAS's continued retention of the vehicle is violative of § 362(a)(3)[1] prohibiting any attempt to exercise control over property of the estate. Since the holding in *Whiting Pools* indicates that the vehicle is property of the estate and since BFAAS continues to retain the vehicle, Debtor maintains that § 362(a)(3) has been violated. The Court is unable to agree.

Prior to the scheduled hearing, Debtor submitted a brief of authorities supporting her position. However, as counsel for BFAAS pointed out, even a cursory reading of these cases reveals that these cases are readily distinguishable. The question before this Court concerns whether a creditor violates the automatic stay by failing to return to the debtor, property of the estate legally seized prepetition. The cases relied on by Debtor deal with the classic case in which a creditor violates the automatic stay through post-petition actions. *Matter of Fernandez*, 125 B.R. 317 (Bankr.M.D.Fla. 1991) (Post-petition seizure of funds predicated on prepetition levy); *In re: Miller*, 22 B.R. 479 (D.Md.1982) (post-petition repossession); *In re: LaTempa*, 58 B.R. 538 (Bankr.W.D.Va.1986) (post-petition repossession); *Matter of Endres*, 12 B.R. 404 (Bankr.E.D.Wis.1981) (post-petition repossession); *In re: Bunch*, 119 B.R. 77 (Bankr.D.S.C.1990) (post-petition bank offset); *In re: Fry*, 122 B.R. 427 (Bankr. N.D.Okl.1990) (post-petition repossession of mobile home); *In re: Gustafson*, 111 B.R. 282 (9th Cir. BAP 1990) (refusal to release post-petition academic transcript in violation of the automatic stay); *In re: Radden*, 35 B.R. 821 (Bankr.E.D.Va.1983) (party vested with possession of vehicle unspecified); *In re: Attinello*, 38 B.R. 609 (Bankr.E.D.Penn.1984) (section 362(a)(3) not implicated).

Following the hearing, Debtor's attorney supplemented his brief through the submission of two additional cases, both of which dealt with the question before this Court in the factual context of a lawful prepetition seizure by a creditor. They are *Carr v. Security Sav. and Loan Ass'n*, 130 B.R. 434 (D.N.J.1991) and the case of *In re: Knaus*, 889 F.2d 773 (8th Cir.1989). In *Carr*, the debtor failed to make post-petition payments on an automobile. The creditor filed a motion to lift the automatic stay which was granted by the court. Subsequently, the creditor seized the automobile. Following the repossession, debtor's plan was dismissed on motion of the Chapter 13 Trustee. Less than a month later, debtor filed a second petition for relief under Chapter 13. The debtor requested that the creditor return the automobile; the request was refused. The bankruptcy court found the creditor in contempt for violating the automatic stay and the district court affirmed this finding.

Similarly, in *Knaus*, the court of appeals found that a creditor's failure to return estate property seized lawfully prepetition constituted a willful violation of the automatic stay. In both *Carr* and *Knaus*, the courts' acknowledged the paucity of cases supporting this position and instead relied on policy arguments, i.e., in *Carr* (automatic stay meant to be broad) and in *Knaus* (after interpreting *Whiting Pools*, held that there was not any distinction between a failure to return property taken before the stay and a failure to return property taken after the stay). *Carr*, at 437–438, *Knaus*, at 775. However, for reasons to be explained later, the Court does not find these cases to be persuasive and this Court declines to adopt their holdings.

In this Court's opinion, the Debtor and the cases supportive of her position have misread and misapplied § 362(a)(3) of the Code. By statute, the filing of a petition for relief imposes a mandatory stay of any creditor's collection attempts. The effect of this stay is to freeze the status quo. To the extent that a creditor fails to desist in these collection attempts and attempts to

---

**1.** (a) .... a petition filed under ... this title ... operates as a stay, applicable to all entities, of—

    (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate ...

11 U.S.C.A. § 362(a)(3) (West 1984 & Supp. 1992).

exercise control over property of the estate post-petition, such creditor can be sanctioned pursuant to § 362(h)[2]. However, this provision for creditors who affirmatively act in violation of the stay post-petition can not be extrapolated to punish creditors who, while legally seizing the property of the estate prepetition, failed to return this property immediately to the debtor post-petition. In maintaining the seized property in the status it enjoyed just before the filing of debtor's petition, a creditor is merely complying with the spirit of the § 362 freeze.

■ As for the issue of the meaning of the phrase "exercise control over property of the estate" contained in § 362(a)(3), this Court holds that any exercise of control, to be sanctionable, must occur post-petition and involve an affirmative act on the part of a creditor. A good example of this situation is contained in the case of *In re: Omni Graphics, Inc.,* 119 B.R. 641 (Bankr. E.D.Wis.1990). In *Omni Graphics,* a debtor voluntarily surrendered all of its assets to a creditor prepetition. Subsequently, an involuntary petition was filed placing debtor in bankruptcy. It was not disputed that the creditor knew of debtor's filing. However, when the creditor subsequently sold the collateral at a public sale, the bankruptcy court found the creditor in contempt. The creditor was sanctioned not for its retention of the collateral post-petition but for its affirmative act of selling the collateral in violation of the stay. In selling the collateral, the creditor disrupted the status quo existing as of debtor's petition and thus had exercised control over property of the estate in violation of § 362(a)(3). *Id.* at 643.

■ In this case, upon learning of Debtor's petition for relief, BFAAS immediately put the vehicle in storage pending further order of this Court. There has been no sale of the property and the Debtor's rights vis-a-vis BFAAS have not changed from the date of the filing of the petition for relief. Since no further affirmative action

has been taken by BFAAS in disposing of Debtor's vehicle, BFAAS's actions can not be construed as an exercise of control over property of the estate as that term is understood by this Court.

■ Finally, a note on procedure. A proceeding to recover money or property is governed by the rules relating to adversary proceedings. Fed.R.Bankr.P. 7001(1); *In re: Frizzell,* 104 B.R. 75, 76 (Bankr. S.D.Ind.1989). However, prior to a turnover of property, the rights of a creditor must be adequately protected. *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 2317, 76 L.Ed.2d 515 (1983) (a creditor remains entitled to adequate protection of its interest in the turnover context); *In re: Olivas,* 129 B.R. 122, 126 (Bankr.W.D.Tex.1991); *In re: Tel–A–Communications Consultants, Inc.,* 50 B.R. 250, 253 (Bankr.D.Conn.1985) (adequate protection can require the obligation to obtain and keep in force all required insurance coverage); *In re: Loof,* 41 B.R. 855, 856 (Bankr.E.D.Penn.1984) (turnover denied without proof of vehicle insurance); *In re: Attinello,* 38 B.R. 609, 613 (Bankr. E.D.Penn.1984) (creditor adequately protected by equity cushion).

In this case, BFAAS claims that one of the reasons supporting repossession of the vehicle was Debtor's failure to obtain coverage insuring the value of the vehicle. While Debtor does not deny the prepetition lack of insurance coverage for the vehicle, Debtor maintains that BFAAS should have returned the vehicle upon Debtor's providing proof of insurance in October, 1991. However, the Debtor's insurance policy was a one month policy covering only Debtor's personal liability. Furthermore, the Court cannot reconcile Debtor's conflicting testimony concerning insurance coverage. While Debtor's plan budgets $45.00 per month for insurance coverage, Debtor testified that she is currently paying $66.00 per month for coverage. The binder for Debtor's October, 1991, policy indicates that Debtor paid $79.00 in October for liability

---

**2.** (h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages including costs and attorney's fees, and, in appropriate circumstances may recover punitive damages.

11 U.S.C.A. § 362(h) (West Supp.1991).

**260**

coverage alone. The Court finds that at no time has the value of BFAAS's collateral been protected by insurance.

Returning to the cases previously cited to this Court in support of Debtor's position, the Court makes the following observations. First, in *Carr v. Security Sav. and Loan Ass'n*, 130 B.R. 434 (D.N.J.1991) the Court observes that within days of debtor's petition for relief, the debtor provided proof of insurance to the creditor and that the creditor verified this insurance coverage. *Id.* at 435. In its holding, the court in *Carr* held that the secured creditor was obligated to turn over the vehicle immediately after the filing of the second petition *and* the verification of insurance. *Id.* at 436. (emphasis added). The instant case is distinguishable because BFAAS's secured position in the vehicle was never adequately insured. Similarly, in *In re: Knaus*, 889 F.2d 773 (8th Cir.1989) the court of appeals, while relying on the *Whiting Pools* holding for the proposition that a creditor's failure to immediately return property seized prepetition is sanctionable as a violation of § 362(a)(3), failed to address the language in *Whiting Pools* indicating that a prerequisite to turnover is the provision of adequate protection of a secured creditor's interest. *Whiting Pools*, 103 S.Ct. at 2317. Against this backdrop, this Court finds the holding in *Knaus* to be flawed.

Accordingly, since this Court finds that the actions of BFAAS do not constitute a violation of § 362(a)(3) of the Code, the Debtor's motion for contempt and damages is without foundation and should be and is DENIED.