**In re Paul E. DEISS, Debtor.**

**Paul E. DEISS, Plaintiff,**

v.

**SOUTHWEST RECOVERY, U.S.A. Recovery, and Tire, Wheel & Hub Depo, Defendants.**

**Bankruptcy No. 93–47430–H3–13. Adv. No. 93–4612.**

United States Bankruptcy Court, S.D. Texas, Houston Texas.

March 31, 1994.

Samuel L. Millege, Houston, TX, for debtor.

David Dickinson, Butler, Ewalt & Hailey, Houston, TX, for Southwest Recovery, et al.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

This matter originated as a Complaint for Turnover of a 1993 Ford Mustang to Debtor by Southwest Recovery, an organization that repossess motor vehicles. The court makes the following Findings of Fact and Conclusions of Law and enters a separate Judgment in conjunction herewith, regarding turnover upon certain payments and adequate protection. To the extent any Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

Deiss ordered "wheels" for the 1993 Mustang from Tire, Wheel and Hub ("TWH"). Henry Leon of TWH testified credibly concerning the facts surrounding this transaction. After TWH had rendered its services, Deiss picked up the vehicle and gave TWH a check for $750.00. He asked Leon to hold the check for a day so he, Deiss, could return and give Leon cash and retrieve the check. Leon did as he was asked. Deiss did not return, nor respond to telephone calls, so Leon deposited the check. It was returned NSF. Leon continued to attempt to call Deiss without success, including over 20 calls, by himself and his secretary, and leaving messages with Deiss' mother—and then turned the matter over to Southwest Recovery.

Southwest Recovery testified through Howard Bushman that it generally charges $1,000.00 for a repossession. This includes the necessary efforts to locate the vehicle.

The Mustang is registered in the name of Paul Deiss and his father, Egon Deiss. Paul Deiss testified that Egon Deiss also owns another vehicle, a Pontiac. Paul Deiss' schedules, of which the court takes judicial notice, reflect that he owns a 1992 Chevrolet Cavalier as well as the 1993 Mustang. He testified his father drives it. The only evidence before the court on the value of the Mustang is in Deiss' schedules, showing a value of $16,625.00.

Bushman testified that this repossession was unusually difficult because Deiss had moved recently. When he did locate Deiss, he found that Deiss watched the car closely. Several trips by Southwest Recovery were necessary to gain possession of the vehicle. The court found his testimony on this subject credible. Bushman testified that time involved in this repossession considerably exceeded the time usually needed to accomplish a repossession. His charge for this repossession was $1,700.00. He is subsequently charging $15.00 a day storage plus tax, for a total of $16.25 a day, plus his attorney's fees. Southwest Recovery and TWH are both listed in Deiss' schedules as holding secured mechanics liens.

Deiss had no credible explanation for his failure to pay Leon (TWH). His concern over the charges of Southwest Recovery is understandable, but these charges were brought on by his own actions, and were the more substantial due to the difficulty that both Leon and Southwest Recovery experienced in locating him. He gave no credible reasons for his failure to return calls, and the court finds he deliberately made himself difficult to reach.

Deiss is proposing to pay for the various charges through the plan in Ch. 13. He is also continuing to pay General Motors Acceptance Corporation ("GMAC") for the vehicle. Southwest Recovery insists that it be given the full amount owed before it turns over the vehicle.

A claim is secured to the extent of the value of the property on which the lien is fixed. 11 U.S.C. § 506. The Court holds

94

that TWH and Southwest Recovery are secured to the extent of value their services and goods supplied, including storage, up to $16,625.00. Post-petition interest is permitted to the extent these claims are oversecured. *Lincoln Sav. Bank, FSB v. Ron Pair Enter.,* 880 F.2d 1540, 1549 (2nd Cir.1989) (interpreting *United States v. Ron Pair Enter.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)); *City of Farmers Branch v. Pointer,* 952 F.2d 82 (5th Cir. 1992), *cert. denied,* —— U.S. ——, 112 S.Ct. 3035, 120 L.Ed.2d 904 (1992). However, attorneys' fees are not recoverable, as neither had any agreement with Deiss covering attorneys' fees. *Lincoln Sav. Bank, FSB v. Ron Pair Enter.,* 880 F.2d 1540, 1549 (2nd Cir.1989) (interpreting *United States v. Ron Pair Enter.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)); *City of Farmers Branch v. Pointer,* 952 F.2d 82 (5th Cir. 1992), *cert. denied,* —— U.S. ——, 112 S.Ct. 3035, 120 L.Ed.2d 904 (1992). Deiss is entitled to possession, and Defendants are entitled to adequate protection before turnover. *U.S. v. Whiting Pools,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983); *In re Richardson,* 135 B.R. 256 (Bankr.E.D.Tex. 1992). Deiss is entitled to make some of the payments through his plan. See *In re Anderson,* 29 B.R. 563, 565 (Bankr.E.D.Va. 1983) and cases cited therein at 565. However, the question is one of what constitutes adequate protection, in a situation involving a motor vehicle, in which the Debtor has demonstrated elusiveness as to creditors who have an interest in the vehicle.

In the circumstances of this case, the court finds that adequate protection is as follows:

Prior to turnover of the vehicle by Southwest Recovery, Debtor shall pay in full in cash, money order, or certified check to TWH $750.00, plus eight percent (8%) simple interest per annum from September 8, 1993 to date of turnover. September 8, 1993 is the date shown in the Notice of Mechanic's Lien (Defendant's Exhibit 3). Prior to turnover of the vehicle, Debtor shall pay to Southwest Recovery in cash, money order, or certified check its repossession charges of $1,700.00. Southwest Recovery's storage charges are allowed as secured, in the amount of $16.25 per day. The storage charge amount, from September 8, 1993 to date of turnover, shall be paid out at eight percent (8%) over 36 months as proposed in Deiss' plan. Proof of insurance shall be furnished to GMAC and Southwest Recovery, paid in advance for 6 months, prior to turnover. Thereafter, for each 6 month period, proof of insurance paid for 6 months in advance shall be furnished to GMAC and Southwest Recovery at least 14 days before the previous 6 month period ends. If Deiss fails to make the pre-turnover payments, and to provide the initial proof of insurance as specified above, within 30 days of entry of this order, Southwest Recovery may proceed to exercise such rights as it may have pursuant to the Tex.Prop.Code Sec. 70.006 to sell the vehicle. GMAC's rights have already been addressed in the agreed adequate protection order signed following its motion for relief from stay. The court makes no determination here of the relative lien priorities of TWH, GMAC and Southwest Recovery. Any excess value in the vehicle over the amounts owed to TWH and Southwest Recovery and GMAC shall be returned to the Ch. 13 trustee for the benefit of Deiss' Bankruptcy estate.