**In re Harold MASSEY, II, Debtor.**

**Harold MASSEY, II, Plaintiff.**

v.

**CHRYSLER FINANCIAL CORP., Defendant.**

**Bankruptcy No. 97–1–5685–DK.**
**Adversary No. 97–1–A222–DK.**

United States Bankruptcy Court,
D. Maryland.

July 8, 1997.

Harold Massey, II, Capitol Heights, MD, pro se.

Stephen A. Hecker, Baltimore, MD, for Chrysler Financial Corp.

### MEMORANDUM OPINION

DUNCAN W. KEIR, Bankruptcy Judge.

Harold Massey, II ("Debtor"), who is proceeding *pro se*, commenced this adversary proceeding by filing a Complaint to Determine Validity, Priority and Extent of Lien, For Injunctive Relief, For Declaratory Judgment, and To Recover Automobile. Debtor also filed a Motion for Temporary Restraining Order and Preliminary Injunction. On June, 23, 1997, the Court conducted a hearing on Debtor's motion for temporary restraining order, and now makes the following findings of fact and conclusions of law.

Debtor is the owner of a 1994 Nissan Pathfinder. Defendant Chrysler Financial Corporation ("Chrysler") holds a security interest in the vehicle to secure the payment of amounts Debtor owes Chrysler pursuant to a retail installment contract and security agreement, which Debtor executed to finance the purchase of the vehicle.

On May 21, 1997, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. Prior to that date, Chrysler exercised its remedies under the installment contract and repossessed the vehicle. Chrysler alleged that Debtor was in default under the installment contract, having never made a payment since the contract was entered into in May of 1996. Upon questioning by the Court, Debtor admitted that he did not make the post-petition payment due to Chrysler on June 15, 1997, as required by Maryland Local Bankruptcy Rule 3070–1(a). Chrysler further alleged that Debtor failed to maintain insurance on the vehicle as required under the contract, and that Debtor secreted the car in order to evade Chrysler and avoid repossession. The Court makes no factual finding with respect to Chrysler's allegation that Debtor hid the car from Chrysler.

Debtor requests an order preventing Chrysler from disposing of the vehicle and directing Chrysler to return the vehicle to Debtor. The Court finds, under the facts of this proceeding, that Chrysler is entitled to retain possession of the vehicle until such time as Debtor provides Chrysler with adequate protection of Chrysler's interest in the vehicle.

In the decision of *In re Young*, 193 B.R. 620 (Bankr.D.D.C.1996), the United States Bankruptcy Court for the District of Columbia was faced with facts virtually identical to the facts presented in this adversary proceeding, although presented in a different procedural posture. That decision also involved a pre-petition repossession of a debtor's automobile, and the subsequent filing by the debtor of a petition under Chapter 13 of the Bankruptcy Code. But rather than commencing an adversary proceeding seeking injunctive relief (as Debtor has done in the matter before the Court), the debtor in *Young* filed a motion to hold Toyota Motor Credit Corporation ("Toyota"), the secured creditor that repossessed the vehicle, in contempt for violating 362(a)(3) of the Bankruptcy Code. That section prohibits, *inter alia,* any act "to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). In a well reasoned decision, the court concluded that Toyota did not violate § 362(a)(3) by retaining possession of the vehicle subsequent to the filing of debtor's petition, and therefore should not be held in contempt. Rather, the court held that Toyota was entitled to retain possession of the vehicle pending a determination as to whether the debtor could provide Toyota with adequate protection of Toyota's interest in the vehicle. *In re Young*, 193 B.R. at 621, 629. This Court agrees with this result, and finds that it is the appropriate analysis to apply to the facts involved in the matter presently before the Court.

The decision in *Young* is consistent with this Court's prior interpretation of § 362(a)(3). In the proceeding *Connecticut Pizza, Inc. v. Bell–Atlantic Washington, D.C., Inc. (In re Connecticut Pizza, Inc.),* 193 B.R. 217 (Bankr.D.Md.1996), the debtor sought a ruling that a telephone company violated § 362(a)(3) by refusing to transfer the debtor's telephone number from one geographical location to another. Bell–Atlantic–Washington, D.C., Inc. ("Bell–Atlantic") had received conflicting instructions from two individuals who purported to have authority to act for the debtor corporation: one of these individuals instructed Bell–Atlantic to transfer the telephone number, and the other directed that the transfer not be made. Faced with these conflicting instructions, Bell–Atlantic advised both parties that it would not transfer the telephone number unless presented with a court order directing it to do so. *Id.* at 220–23.

This Court held that under these circumstances, Bell–Atlantic's refusal to transfer the debtor's telephone number to another location did not constitute an act to "exercise control" over property of the debtor's estate in violation of § 362(a)(3), and that therefore the imposition of sanctions pursuant to § 362(h) was not warranted. A critical aspect of that holding was this Court's view that the explicit purpose of § 362(a)(3) is to "maintain the status quo as to the relationship between the debtor, creditors, and other parties-in-interest." *Id.* at 228. In the matter at bar, § 362(a)(3) serves its intended purpose by locking Chrysler and Debtor into the positions they maintained as of the date this bankruptcy case was commenced. In this way, the status quo is maintained until

such time as the parties' respective rights in the vehicle, under the Bankruptcy Code and applicable nonbankruptcy law, can be determined by this Court.[1]

■ Accordingly, this Court holds that where a secured creditor repossesses a Chapter 13 debtor's vehicle prior to the petition date, that creditor does not violate § 362 of the Bankruptcy Code by refusing to return the vehicle to the debtor's possession, and is not obligated to return the vehicle to the debtor until such time as the debtor provides adequate protection of the creditor's interest in the vehicle.[2] In so holding, the Court expressly adopts the holding in the decision of *In re Young*, and declines to follow the decisions in other jurisdictions which have held to the contrary. *See, e.g., Knaus v. Concordia Lumber Co. (In re Knaus)*, 889 F.2d 773 (8th Cir.1989); *In re Sharon*, 200 B.R. 181 (Bankr.S.D.Ohio 1996); *General Motors Acceptance Corp. v. Ryan*, 183 B.R. 288 (M.D.Fla.1995).

■ The pivotal issue to be decided in adjudicating Debtor's demand for return of the vehicle is the provision of adequate protection. See *In re Young*, 193 B.R. 620, 625 (Bankr.D.D.C.1996). As discussed in *In re Young*, in order for the debtor to prevail upon debtor's request for return of the vehicle, debtor must provide to the creditor adequate protection for the potential harm that the creditor could reasonably sustain as a result of debtor's possession and use. See 11 U.S.C. § 542 and 11 U.S.C. § 363. Protection must be provided for potential damage to the collateral (automobile casualty insurance) and for the depreciation of the asset including mileage and wear and tear.[3]

■ A determination of adequate protection pursuant to 11 U.S.C. § 361 involves a fact-specific analysis. *See In re Mosello*, 195 B.R. 277, 289 (Bankr.S.D.N.Y.1996). Under the particular facts of this case, the Court finds that in order to recover the vehicle, Debtor must provide adequate protection of Chrysler's interest by complying with the following requirements: (1) Debtor must make all regular, monthly, post-petition payments due to Chrysler under the installment contract (in accordance with Maryland Local Bankruptcy Rule 3070–1(a)), including any such payments due prior to the entry of this Memorandum Opinion; (2) Debtor must provide proof that the vehicle is currently insured under a policy in which Chrysler is named as an insured secured party; (3) Debtor is to notify Chrysler, in writing, as to the location where the vehicle will be kept during all evening hours; and (4) Debtor shall not remove the car from the state of Maryland without further order of this Court. Upon strict compliance with these requirements, Chrysler shall be required to return the vehicle to Debtor forthwith.

1. Both parties were expeditious in seeking such a determination from this Court, Debtor having commenced this adversary proceeding, and Chrysler having filed, in the main bankruptcy case, a motion for relief from the automatic stay seeking, *inter alia*, a modification of the stay conditioned upon the Debtor's providing Chrysler with adequate protection of Chrysler's interest in the vehicle. Subsequent to the hearing upon the Motion for Temporary Restraining Order, the parties resolved by consent the Motion for Relief from Stay.

2. This holding does not disturb this Court's earlier decision in *Miller v. Savings Bank of Baltimore (In re Miller)*, 10 B.R. 778 (Bankr.D.Md.1981), aff'd, 22 B.R. 479 (Bankr.D.Md.1982), which involved a post-petition repossession of a vehicle by a creditor unaware of the fact that the owner of the vehicle had previously filed a petition for relief under Chapter 7 of the Bankruptcy Code.

3. Similarly, where a creditor files a motion for relief from stay, the creditor is entitled to adequate protection for the reasonably foreseeable harm caused by a continuation of the stay. 11 U.S.C. § 362(d)(1). The potential harm occasioned by the continuation of the stay and adequate protection necessary to continue the stay in place may not be the same as adequate protection for a turnover of the vehicle to the debtor. For example, where the vehicle remains in the hands of the secured creditor, the potential harm from continuation of the stay does not usually include road risks or wear and tear but often will include depreciation resulting from the aging of the vehicle, plus costs incurred in storage.