**In re Martha FITCH, Debtor.**

**Bankruptcy No. 97–05523–A13.**

United States Bankruptcy Court,
S.D. California.

Feb. 2, 1998.

Todd DerOvanesian, Jr., Karp, Richardson & DerOvanesian, PLC, San Diego, CA, for Debtor.

Michael Koch, Office of Chapter 13 Trustee, San Diego, CA, for Chapter 13 Trustee.

Keith E. Herron, Purdy & Herron, San Diego, CA, for creditor Autoflow.

## MEMORANDUM DECISION

PETER W. BOWIE, Bankruptcy Judge.

The Chapter 13 debtor has moved for an order imposing sanctions against a secured creditor for its refusal to return the debtor's automobile which the creditor repossessed prepetition. For the reasons set forth below the Court denies the debtor's motion.

This Court has jurisdiction to determine this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (C) and (G).

### FACTS

On November 21, 1995, the debtor, Martha Fitch, ("Debtor"), purchased a 1994 Chrysler Lebaron convertible. The Debtor entered into a sales agreement which required monthly payments of $350.49 for fifty-four months ("Sales Agreement"). The Sales Agreement was thereafter assigned to Autoflow, the secured creditor herein and the party against whom sanctions are sought.

On or about August 21, 1996, the Debtor defaulted under the terms of the Sales Agreement. On April 2, 1997, Autoflow repossessed the vehicle pursuant to the terms of the Sales Agreement and California state law.

On April 15, 1997, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code. On that same date Debtor's counsel faxed to Autoflow a notice of the automatic stay. On April 16, 1997, counsel for the Debtor faxed a letter to Autoflow demanding immediate return of the vehicle. Autoflow refused to return the car absent proof of insurance.

On April 22, 1997, the Debtor filed a motion for imposition of sanctions under Bankruptcy Code § 362(h) for Autoflow's refusal to turnover the car. On May 7, 1997, Autoflow filed a motion for relief from the automatic stay. The Debtor opposed the motion.

Shortly thereafter the Debtor provided proof of insurance and on June 20, 1997, Autoflow returned the car. The Debtor filed a motion for summary judgment on the sanctions motion and Autoflow has filed a counter motion for summary judgment.

## DISCUSSION

The factual scenario presented in this case is not exceptional: debtor buys car on credit, debtor defaults, creditor repossesses, debtor files a petition and demands that the car be returned, creditor refuses to return car absent showing of adequate protection.[1] In the case at hand adequate protection has since been provided and the car has been returned. However, the Debtor contends that sanctions should be imposed against Autoflow for retaining the car after receiving notice that the Debtor had filed a petition. Autoflow counters that it was under no obligation to give up collateral which had properly come into possession without some assurance that its prepetition position would be protected.

Certainly, had the repossession taken place postpetition it would have been a violation of the automatic stay and void and of no effect. *In re Stringer*, 847 F.2d 549 (9th Cir.1988); *In re Schwartz*, 954 F.2d 569 (9th Cir.1992); *In re Sanders*, 198 B.R. 326, 328 (Bankr.S.D.Cal.1996). Autoflow would have been required to return the car immediately. *In re Abrams*, 127 B.R. 239, 243 (9th Cir. BAP 1991). In the present case, however, the repossession of the car was not a violation of the stay as it occurred prepetition. Thus, as of the date the petition was filed, Autoflow was rightfully in possession of the car. Nevertheless, the Debtor contends that Autoflow was under a duty to return the car because the continued possession of the car was a violation of the automatic stay.

The automatic stay prohibits, inter alia, any act "to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).[2] The Debtor argues that by retaining the car Autoflow violated subsection (a)(3) because retaining the car was an "act" to "exercise control over property of the estate."[3] The

---

1. Within the recent past, several decisions have been published addressing this same scenario with variant results. Compare, *In re Lewis*, 211 B.R. 970 (N.D.Ala.1997); *Matter of Brown*, 210 B.R. 878, 882 (Bankr.S.D.Ga.1997); *In re Massey*, 210 B.R. 693 (Bankr.D.Md.1997); *In re Young*, 193 B.R. 620 (Bankr.D.D.C.1996); and *In re Richardson*, 135 B.R. 256 (Bankr.E.D.Tex. 1992) (each determining that the secured creditor was not required to immediately turn over the car); and *In re Deiss*, 166 B.R. 92 (Bankr. S.D.Tex.1994) (creditor entitled to adequate protection before turnover); with *In re Sharon*, 200 B.R. 181 (Bankr.S.D.Ohio 1996) (holding that secured creditor violated automatic stay by retaining repossessed vehicle); and *In re Leverette*, 118 B.R. 407 (Bankr.S.C.1990) (holding that the automobile is property of the estate and must be turned over immediately per Bankruptcy Code § 542).

2. Bankruptcy Code § 362(a) provides:
 (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose

before the commencement of the case under this title;
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(3) any;
(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
(7) the set off of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.
11 U.S.C. § 362(a).

3. Since the Court finds that the right to possess the car was not property of the estate, the Court does not reach the issue of whether the retention of the car was an "act." See, *In re Richardson*, *supra*, in which the court held that a violation of § 362(a)(3) required an affirmative act and that retention of a car repossessed prepetition was not such an act. 135 B.R. at 259. See also *In re*

Debtor also argues that since Autoflow knew of the bankruptcy case the violation was willful and sanctions should be imposed.[4]

In *In re Colortran, Inc.*, 210 B.R. 823 (9th Cir. BAP 1997), the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") made clear its position that property of the estate must be turned over to the estate representative and failure to do so is a violation of the stay. In *Colortran*, a freight carrier which was in the process of shipping the debtor's goods when the debtor filed bankruptcy held on to the goods in shipment and refused to deliver them until the debtor paid a past-due bill on a previous shipment. The bankruptcy court found that the shipper willfully violated the stay by refusing to release the goods and the BAP affirmed stating:

> A creditor who possesses property of the estate on the date the bankruptcy petition is filed has an obligation to turn that property over to the debtor or to the trustee. 11 U.S.C. § 542(a) (1994). "To effectuate the purpose of the automatic stay, the onus to return estate property is placed upon the possessor; it does not fall on the debtor to pursue the possessor." A creditor who fails to return the estate's property

after it knows of the debtor's bankruptcy is subject to sanction for willful violation of the automatic stay.

*Colortran,* 210 B.R. at 827 (citations omitted). In *Colortran,* however, the right to possess the property in question was undisputedly property of the estate over which the shipper "exercise[d] control." *Id.* at 827. In this case, however, Autoflow does not agree that the right to possess the car is property of the estate.

Section 541(a) of the Code is the section that defines property of the estate. The definition includes "all legal or equitable interests of the debtor in property as of the commencement of the case."[5] This provision is not intended to expand debtor's rights against others more than they exist at the commencement of the case, and thus whatever rights debtor has in property at the commencement of a case continue in bankruptcy, no more, no less. *Moody v. Amoco Oil Co.,* 734 F.2d 1200,1213 (7th Cir.1984), cert. denied, 469 U.S. 982, 105 S.Ct. 386, 83 L.Ed.2d 321. Thus, the question is what rights the Debtor had in the car as of the commencement of the case.

Prior to the commencement of the case the Debtor had lost her right to possession of the

---

*Massey, supra,* in which the court seems to suggest that retention of car is not an "act" for purposes of the automatic stay. 210 B.R. at 695.

4. Bankruptcy Code § 362(h) provides that under certain circumstances sanctions shall be imposed for willful violations of the stay. Since this Court concludes that Autoflow did not violate the stay the issue of sanctions is not reached.

5. Code § 541(a) provides:

The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

(A) under the sole, equal, or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the

debtor's spouse, to the extent that such interest is so liable.

(3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.

(4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance;

(B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or

(C) as a beneficiary of a life insurance policy or of a death benefit plan.

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

(7) Any interest in property that the estate acquires after the commencement of the case.

11 U.S.C. § 541(a).

car. Autoflow had lawfully exercised its right under the Sales Agreement and state law to take possession of the car. That right was legally contracted away by the Debtor prepetition and the contractual right to take possession was exercised prepetition.[6] This does not mean, however, that the estate has no interest in the car.

 California Civil Code § 2983.2 affords a debtor the right to redeem a repossessed vehicle prior to the sale of the car by the repossessing creditor. Statutory redemption rights are included in property of the estate under § 541. *In re Thompson*, 894 F.2d 1227, 1230 (10th Cir.1990) (citing Collier on Bankruptcy ¶ 541.07[3]). Since the Debtor retained the right to redeem under California law, the mere seizure of the vehicle did not destroy the Debtor's title to the car. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983); *In re Young*, 193 B.R. at 621.[7] Thus, as of the date the petition was filed, the Debtor retained title to the car, but the right to possess the car remained with Autoflow and did not become property of the estate.

Since the right to possess the car was not among the property interests which became property of the estate, Autoflow's acts to exercise control over the right to possess the car did not violate the stay. Autoflow did not violate the automatic stay by retaining the car pending adequate protection.

Although the analysis above stands on its own, this Court is compelled to distinguish the present case from the Ninth Circuit's decision in *In re Del Mission Ltd.*, 98 F.3d 1147 (9th Cir.1996), which has been interpreted as being in support of the position that a creditor must return property which was repossessed prepetition:

> I have held previously in unpublished decisions that the creditor in this situation is free to maintain property repossessed pre-petition and hold it pending a hearing to be held either on the creditor's motion for relief, or alternatively, on the debtor's adversary proceeding to recover the vehicle. There is a split of authority, however, as to whether this is the proper rule as evidenced by decisions rendered on both sides of this issue. Compare, *In re Knaus*, 889 F.2d 773 (8th Cir.1989); *In re Del Mission Limited*, 98 F.3d 1147 (9th Cir. 1996); *In re Sharon*, 200 B.R. 181, 190 (Bankr.S.D.Ohio 1996); *In re Ryan (General Motors Acceptance Corp. v. Ryan )*, 183 B.R. 288 (M.D.Fla.1995) with *In re Young*, 193 B.R. at 629; *In re Deiss*, 166 B.R. 92 (Bankr.S.D.Tex.1994). *In re Richardson*, 135 B.R. 256 (Bankr.E.D.Tex. 1992).

*Matter of Brown*, 210 B.R. at 882.

This Court is of the opinion that the *Brown* court read *Del Mission* too broadly. In *Del Mission* the California Employment Development Department and State Board of Equalization refused to approve the sale of the debtor's liquor license until it paid all outstanding taxes and interest accrued thereon. The trustee of Del Mission paid the disputed taxes under protest, and then brought a proceeding in the bankruptcy court seeking repayment. The bankruptcy court found that the state's action violated the automatic stay and ordered the state to repay Del Mission $15,604. Notwithstanding the court's ruling, the state failed to repay

---

**6.** The Debtor makes no allegation that the repossession was improper.

**7.** Since property rights are to be determined under state law, this point appears to vary in accordance with the laws of a particular state. In *In re Lewis*, 211 B.R. 970 (N.D.Ala.1997), the District Court held that a car repossessed prepetition was not property of the estate because under Alabama law, actual title to the car, as opposed to a mere lien, and the right to possession passed to the creditor upon default—the debtor's only interest was the right to redeem. Id. at at 974. The right to redeem, held the court, was insufficient to propel the car in to the property of

the estate. Id. at The court distinguished a New Jersey case on the grounds that under the state law applicable thereto the creditor had a lien on the car as opposed to title. Id. at Finding that the car was not property of the estate, the court concluded that the creditor was not required to turn it over under § 542 and that continued possession of the car was not a violation of the stay. Id. at at 975.

Under the laws of California a debtor's property interest is not completely eradicated by repossession—the right to redeem is sufficient to give the estate title interest in the car.

the taxes in a timely manner. The Ninth Circuit held that the state's continued retention of the disputed tax funds which they had been ordered to turn over to the estate was a violation of the "exercise control" clause of § 362(a)(3). 98 F.3d. at 1151. *Del Mission* is distinguished from the prepetition repossession line of cases, including the case at hand, in that the court had previously ordered that the funds were property of the estate and directed the state to turn them over. In the case at hand the right to possess the car was not property of the estate and thus the variant result is warranted, that is this Court is free to reach the same conclusion as the court in *Brown* without ignoring binding precedent.

The automatic stay serves to freeze the positions of the debtor and his or her creditors as of the date of the petition—to maintain the status quo. *Young,* 193 B.R. at 623–24, *Richardson,* 135 B.R. at 258–59. In the case of a prepetition repossession the status quo under California law is that the creditor possesses the car and the debtor has the right to redeem. The automatic stay and the other provisions of the Code should not be applied to upset this balance and give debtors rights they would otherwise not have. A creditor who has properly taken possession prepetition should not have to turn over such property absent assurance that its prepetition position will be protected. Demanding proof of insurance is a valid request for such assurance.

### Conclusion

The car was and is property of the estate, the repossession did not change this. The right to possess the car, however, was transferred from the Debtor to Autoflow prior to the filing of the petition. Since the Debtor did not have the unfettered right to possession at the time the petition was filed the unfettered right to possession did not become property of the estate. Thus, Autoflow's refusal to return the car absent the provision of adequate protection was not a violation of the automatic stay.

This memorandum decision constitutes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. Counsel for the Debtor is directed to file with this court an order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.