In re Glenda COLEMAN, Debtor.

Glenda Coleman, Plaintiff,

v.

Grand National Bank, Defendant.

Bankruptcy No. 98 B 23170.
Adversary No. 98 A 01457.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Feb. 1, 1999.

Erik A. Martin, Chicago, IL, for Plaintiff.

Michael L. Sherman, Sherman & Sherman, Chicago, IL, for Defendant.

## MEMORANDUM OPINION ON DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING

JACK B. SCHMETTERER, Bankruptcy Judge.

This proceeding is related to the bankruptcy filed by Glenda Coleman ("Coleman" or "Debtor") on July 27, 1998, under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* To date no plan has been confirmed. Grand National Bank ("Grand National" or "Defendant") repossessed Debtor's car prepetition, but had not resold the vehicle. Upon Grand National's refusal to return the car, Debtor filed this petition. Debtor filed a complaint for turnover of the vehicle and for sanctions for violation of the automatic stay

based upon the theory that, because Grand National had not resold the vehicle, Debtor still retained a sufficient property interest to warrant turnover. Defendant filed a motion to dismiss the complaint on the grounds that the complaint failed to state a cause of action. As discussed below, Defendant's motion will be denied.

## JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. Venue lies properly under 28 U.S.C. § 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (N).

## DISCUSSION

On July 27, 1998, Debtor filed her Chapter 13 petition. Sometime prior to that,[1] Defendant repossessed Debtor's 1994 Ford Escort. However, Defendant had not sold Debtor's vehicle prior to July 27, 1998, and is not believed to have sold the vehicle subsequent to that date. On July 30, 1998, Debtor sent a request to Grand National for turnover of her car. Grand National refused to return the vehicle and is currently in possession of it.

Debtor argues that, as the vehicle has not been sold, Debtor retained a sufficient property interest in the vehicle upon which to base a complaint of turnover. Debtor also alleges that the vehicle is necessary for a successful reorganization. In addition, Debtor argues that Defendant's continued retention of the vehicle in spite of the automatic stay under 11 U.S.C. § 362 is a violation of that stay upon which an award of sanctions should be made.

Defendant moved to dismiss Debtor's complaint arguing that Debtor has not stated a claim upon which relief could be granted.

First it argues that Debtor has no authority or standing to bring an action for turnover, suggesting that only a bankruptcy "trustee" may do so. Defendant also argues that Debtor had no right to possession of the vehicle when the petition was filed, but that her sole right was to redeem under 11 U.S.C. § 722. Also, Defendant argues that any rights Debtor has to use her vehicle are conditioned on adequate protection being provided to it. Defendant also argues that this court lacks subject matter jurisdiction in that the vehicle is not property of Debtor's bankruptcy estate. Finally, Defendant argues that it did not violate the automatic stay as Debtor had no right to possession at the time she filed her petition, and therefore its refusal to return the vehicle did not violate the stay.

Debtor argues that under her proposed plan she will pay Grand National's allowed secured claim and Grand National will retain the full value of its lien until the lien is paid in full. She contends that her plan further provides adequate protection in that full-comprehensive vehicle insurance will be maintained with Defendant as the loss-payee. In addition, she contends that plan payments will equal or exceed the amount of depreciation.

### Debtor's Standing

First, a Chapter 13 debtor does have standing to bring an action for turnover. Under § 1303 of the Bankruptcy Code, Title 11 U.S.C., a debtor is given "the rights and powers of a trustee under §§ 363(b), 363(d), 363(e), 363(f), and 363(l)." Section 363 provides that a debtor may use sell or lease property of the estate so long as adequate protection is provided to the lien holder.

Defendant argues that Debtor cannot bring this turnover action because § 1303 does not give a debtor powers under § 542(a) dealing with turnover of property to the estate.[2] Defendant's sole authority for this

---

1. Neither party gives the specific date of the repossession in their papers, but neither side disputes that the repossession took place prior to the filing of the petition.

2. Section 542 provides that an entity

... in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such

proposition is *Matter of Brown*, 210 B.R. 878 (Bankr.S.D.Ga.1997). While *Brown* dealt with a pre-petition repossession, the focus of that case was on damages sought for an alleged violation of § 362. After repossession, while under creditor's control, the debtor's car was involved in an automobile accident and was totally destroyed. The debtor was not seeking turnover under § 542(a). However, the opinion stated *in dicta* that a Chapter 13 debtor lacking authority to seek turnover under § 542(a), nonetheless had ability to seek return of a vehicle repossessed pre-petition under §§ 1306(b), 363(b)(1) and 363(e). The dicta on an issue not presented cannot be given great weight.

Moreover, no additional precedent is found to support Defendant's proposition. Rather, the few cases that discuss the issue of a debtor's authority to seek turnover under § 542(a) have recognized that authority. *See In re Radden*, 35 B.R. 821, 826 (Bankr. E.D.Va.1983). *Radden* found that a debtor in Chapter 13 was able to use § 542(a) to recover property where the property is of a sort a debtor may use under § 363. "Section 1303 provides the debtor with the rights and powers that a trustee would have under Chapter 7 or the debtor in possession would have under Chapter 11. Consequently, the debtor is a proper party to seek turnover pursuant to § 542(a) because the property that the debtor seeks to have turned over is property that he as debtor may use in the ordinary course of business." *Id. See also In re Robinson*, 36 B.R. 35, 36–37 (Bankr. E.D.Ark.1983) (extending Supreme Court holding in *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) to Chapter 13 cases); *Matter of Williams*, 44 B.R. 422, 424 (Bankr.N.D.Miss. 1984); *In re Cardillo*, 169 B.R. 8, 11 (Bankr. D.N.H.1994).

### Nature of Debtor's Interest

■ Property of the estate includes all legal and equitable interests of the debtor in property as of the commencement of the case "wherever located and by whomever held." 11 U.S.C. § 541(a)(1). The Supreme Court views this not as a limitation of what is included in the estate but as a broad, inclusive definition. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 2312, 76 L.Ed.2d 515 (1983). Property of the estate *inter alia* includes property in which a creditor has a secured interest. *Id.* at 2313. "Although Congress might have safeguarded the interests of secured creditors outright by excluding from the estate any property subject to a secured interest, it chose instead to include such property in the estate and to provide secured creditors with 'adequate protection' for their interests." *Id.* Moreover, the Supreme Court has determined that property of the estate includes property in which the debtor had no possessory rights at the time the bankruptcy petition was filed. *Id.* at 2313–14 (citing 11 U.S.C. § 542(a)). Thus, "the reorganization estate includes property of the debtor that has been seized by a creditor prior to the filing of a petition for reorganization." *Id.* at 2315. The creditor remains entitled to adequate protection for its interests and to certain other rights enjoyed by secured creditors. The opinion said that such a creditor must seek the protection of its interest "according to the congressionally established bankruptcy procedures, rather than by withholding the seized property from the debtor's efforts to reorganize." *Id.* at 2317 It was further held that property seized pre-petition was property of the bankruptcy estate and could be subject to turnover (while not specifying whether or not this principle would apply in a Chapter 13 case). *Id.* at 2315 n. 17.

Most bankruptcy and district court opinions have decided that a Chapter 13 debtor retains sufficient interest in a vehicle that was repossessed pre-bankruptcy to maintain an action or motion for turnover. *See In re Spears v. Ford Motor Credit Co.*, 223 B.R. 159, 163 (Bankr.N.D.Ill.1998) (collecting cases); *see also In re Pluta*, 200 B.R. 740, 742 (Bankr.D.Mass.1996) (finding car remained property of estate because debtor still had right to redeem); *In re Brooks*, 207 B.R. 738, 741 (Bankr.N.D.Fla.1997) (finding creditor had obligation to return car upon learning of bankruptcy); *In re Massey*, 210 B.R. 693, 696 (Bankr.D.Md.1997) (finding creditor could keep car only until debtor

property, unless such property is of inconse- quential value or benefit to the estate.

provided adequate protection); *In re Attinello,* 38 B.R. 609 (Bankr.E.D.Pa.1984); *but see, In re Lewis,* 137 F.3d 1280 (11th Cir.1998).

Grand National cites to *Lewis, supra,* as authority for the proposition that, unless Debtor intends to exercise her right to redeem the vehicle under 11 U.S.C. § 722, she is not entitled to a turnover of the property in issue. However, the reliance on *Lewis* is misplaced. In *Lewis,* the Eleventh Circuit opinion found that *under Alabama law* a debtor only had a right of redemption, and therefore the vehicle in question was not property of the bankruptcy estate. The opinion reasoned that, when the Chapter 13 case was filed, the debtor then "did not retain title, possession or any other functionally equivalent ownership interest in the repossessed automobile." *Id.* at 1284. However, *Lewis* really "looked to Alabama common law, and decisions finding that a debtor must have both title to and possession of a property in order to maintain an action for conversion...." *Spears,* 223 B.R. at 164. Based on Alabama law, "*Lewis* made a judgment that the debtor's rights were not meaningful." *Id.*

However, here we look to Illinois law as the basis to discuss this debtor-plaintiff's property interest in her repossessed vehicle on the date she filed in bankruptcy:

> As under the Alabama cases, the Illinois Appellate Court has found that legal title to property subject to a security interest passes to a secured creditor after it takes possession following default. *Kouba v. East Joliet Bank,* 135 Ill.App.3d 264, 268, 89 Ill.Dec. 774, 481 N.E.2d 325, 329 (3rd Dist.1985). In contrast to the conclusion in *Lewis,* however, *Kouba* found that the debtors before it had rights under Illinois law that erode a common law creditor's claim to absolute title. *Id.* Having concluded that the debtors retained significant rights and responsibilities with respect to the creditor's collateral after default, *Kouba* held that the debtors had standing to maintain an action against a third party that negligently damaged the vehicle after default and repossession. *Id.* at 269, 89 Ill.Dec. 774, 481 N.E.2d at 329.

*Spears,* 223 B.R. at 164. Thus, *Lewis* is inapplicable when applying rights under Illinois law. "This court believes that the situation presented in this case falls squarely within *Whiting Pools'* conclusion that until a sale has taken place, property seized prepetition pursuant to a creditor's provisional remedy remains property of the estate, and as such, is subject to the turnover requirements of § 524(a)." *Spears,* 223 B.R. at 165. Therefore, Debtor can certainly attempt to vindicate her rights under § 524(a) in this proceeding if she can offer adequate protection to the Defendant.

### Sanctions Requested Under § 362(h)

█ Plaintiff's one-count complaint also includes a request for sanctions for alleged intentional violation of the automatic stay. Debtor argues that once she filed her bankruptcy petition, Grand National was obligated to return her vehicle and its failure to so was a willful violation of the automatic stay. Under § 362, the filing of a bankruptcy petition operates as a stay against any act to collect a pre-petition debt as well as any act to obtain possession of property of the estate. 11 U.S.C. § 362(a). Under § 362(h), a willful violation of the stay gives the debtor the right to recover actual as well as punitive damages from the creditor. However, there is no express language in § 362 requiring a creditor to return property repossessed prepetition solely because a bankruptcy petition was filed.

Several opinions have determined that once a debtor in bankruptcy requests the return of property, the secured creditor must ordinarily turn the property back to the debtor. *See Spears,* 223 B.R. at 165–66 (collecting cases). These courts find that a creditor has a duty upon learning of the bankruptcy to return a repossessed vehicle. "Further, the creditor's duty to return the vehicle is not dependant on receipt of adequate protection or proof of insurance. Section 542(a) contains no provision expressly requiring adequate protection as a prerequisite to turnover and it requires no preliminary action on the part of the debtor." *In re Brooks,* 207 B.R. 738, 741 (Bankr.N.D.Fla. 1997) (citing *In re Sharon,* 200 B.R. 181, 189 (Bankr.S.D.Ohio 1996)).

However, other opinions have found that a creditor may retain possession of collateral repossessed pre-petition until adequate protection is provided or offered. *Spears,* 223 B.R. at 166 (citing *In re Fitch,* 217 B.R. 286, 290–91 (Bankr.S.D.Ca.1998)); *In re Massey* 210 B.R. 693, 696 (Bankr.D.Md.1997); *In re Deiss,* 166 B.R. 92/94 (Bankr.S.D.Tex.1994); *In re Richardson,* 135 B.R. 256, 260 (Bankr. E.D.Tex.1992); *In re Brown,* 210 B.R. 878, 883 (Bankr.S.D.Ga.1997). *Id.* (collecting cases). The latter viewpoint is better reasoned; given the inherent risk to any auto on the road, a creditor's property security interest merits protection when it turns over possession of an automobile to a debtor. Thus, a creditor that repossesses estate property pre-petition is under no obligation to return the property post-petition until and unless adequate protection is provided. "Since the purpose of the automatic stay is to maintain the status quo that existed on the date of a debtor's bankruptcy filing, the creditor should not have to turn over the vehicle absent assurance that its pre-petition position will be protected." *Spears,* 223 B.R. at 166.

In general, "debtor must provide to the creditor adequate protection for the potential harm that the creditor could reasonably sustain as a result of debtor's possession and use. Protection must be provided for potential damage to the collateral ... and for the depreciation of the asset including mileage and wear and tear." *In re Massey,* 210 B.R. 693, 696 (Bankr.D.Md.1997) (internal citations omitted). The court in *Massey* required the debtor to make all regular post-petition contractual payments, to provide proof of current insurance, to notify the creditor as to where the vehicle will be kept, and to refrain from removing the vehicle from the state. However, the court also stated that "where the vehicle remains in the hands of the secured creditor, the potential harm from continuation of the stay does not usually include road risks or wear and tear, but often will include depreciation resulting from the aging of the vehicle, plus costs incurred in storage." *Id.* at 696, n. 3.

While Debtor has alleged that her plan will provide adequate protection for Grand National's interest, that plan has not yet been confirmed. The delay in confirmation may reflect problems in plan feasibility to be explored at trial, and we must ascertain whether promised payments under Debtor's Chapter 13 Plan have been made, or other payments tendered to the creditors pending confirmation. Indeed, the level of protection required is also an issue for trial. Is Debtor's promise to maintain full-comprehensive vehicle insurance along with her plan and promise to pay Grand National's allowed secured claim sufficient? As of what date should such protection be offered and measured? Does Debtor need to reimburse Grand National for costs involved with the repossession and storage of her vehicle before and also after Debtor demanded the car back?

### CONCLUSION

For reasons stated above and pursuant to order to be entered, Defendant's motion to dismiss will be denied and Defendant will be ordered to file an answer to Debtor's complaint, following which trial will be set.