**In re Ryan CLELLAND.**

**No. 01–43519S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Oct. 22, 2001.

Jack Dickerson, Hot Springs, AR, for debtor.

Raymond Harrill, Little Rock, AR, for creditor.

Joyce Bradley Babin, North Little Rock, AR, Chapter 13 Trustee.

### *ORDER DENYING RELIEF FROM STAY*

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon Northside of San Antonio Federal Credit Union's Objection to Confirmation and Motion for Relief from Stay filed on July 30, 2001. After a continuance granted at the request of the parties, the matter was called for hearing on September 11, 2001, whereupon the parties agreed to submit the matter upon a stipulation and briefs. The briefs were filed on September 25, 2001, and the matter was under submission.

On July 12, 1995, the debtor signed a promissory note and security agreement to purchase a 1995 Pontiac Sunfire. The documents provide that the laws of the State of Texas govern the validity and enforcement of the agreement. The last payment on the vehicle was due on September 18, 2000. Six years later, on June 15, 2001, the credit union repossessed the vehicle for nonpayment. Six days later, on June 21, 2001, the debtor filed this chapter 13 petition. Upon the debtor's demand, the credit union returned possession of the vehicle to the debtor. On July 30, 2001, the credit union filed this motion for relief from stay and an objection to confirmation

**540**

based upon bad faith.[1] The parties stipulated to the essential facts, recited above, as well as the fact that the debtor made the first payment to the trustee on July 27, 2001.

■ The credit union seeks relief from stay on the basis that, as of the date of the filing of the petition, the vehicle was not property of the estate since the debtor did not have any interest in the vehicle. In making this argument, the credit union relies upon *Hall Motors, Inc. v. Lewis (In re Lewis)*, 137 F.3d 1280 (11th Cir.1998), which held that a creditor was not required to turnover a vehicle because, under Alabama common law, title passed to the creditor upon the debtor's default. The debtor asserts that the law in this jurisdiction is to the contrary and that the Supreme Court's decision in *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) is determinative.

■ Under Texas law and pursuant to the security agreement signed by the debtor, upon the debtor's default, the credit union was entitled to repossess the vehicle. *See* Tex. Bus. & Com.Code Ann. § 9.503 (Vernon 1997). However, neither the debtor's default nor the exercise of the right to repossession, effected a transfer of title from the debtor to the credit union.[2] Indeed, Texas law is to the contrary. It is

well settled that in order for title of the property to pass after repossession, a sale must take place. *Lyon v. Wood*, 363 S.W.2d 179, 181 (Tex.Ct.App.1962); *see Kolbo v. Blair*, 379 S.W.2d 125 (Tex.Ct.App.1964)(superceded by statute on other grounds). It is similarly well settled that property of the estate includes all interests of the debtor, even interests in property in which the debtor does not have the right of possession. *Whiting Pools* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). Based upon these authorities, the bankruptcy courts in the state of Texas have consistently held that the debtor is entitled to turnover of a vehicle repossessed prior to the filing of the chapter 13 case. *Deiss v. Southwest Recovery (In re Deiss)*, 166 B.R. 92 (Bankr.S.D.Tex.1994); *In re Richardson*, 135 B.R. 256, 257 (Bankr.E.D.Tex.1992)("It is beyond dispute that Debtor's automobile while lawfully repossessed prior to the filing of Debtor's bankruptcy petition, continues to be property of the estate.").

The credit union's conclusion that, as of the date of the filing of the chapter 13 petition, the debtor had no interest in the vehicle so that the vehicle did not become property of the estate is in error. When the chapter 13 petition was filed, the credit union held possession of the vehicle, but the debtor yet held title to the vehicle.[3]

---

**1.** No evidence or argument was submitted regarding the objection to confirmation, and it appears that the objection has been abandoned.

**2.** In *Lewis*, the Eleventh Circuit Court of Appeals, looking to the Alabama common law of conversion rather that the U.C.C., concluded that a default by the borrower effected a transfer of title to the creditor. Since title had transferred by operation of law prior to the filing of the chapter 13 case, and the debtor did not effectively exercise the right of redemption, the vehicle was not property of the estate. *See In re Lewis*, 137 F.3d at 1283–

84. A cogent and extensive discussion of the significant flaws in *Lewis* may be found in *In re Greene*, 248 B.R. 583 (Bankr.N.D.Ala.2000). *Accord Coleman v. Grand Nat'l Bank (In re Coleman)*, 229 B.R. 428 (Bankr.N.D.Ill.1999).

**3.** The debtor also asserts that, since the value of the vehicle is nearly twice that of the obligation, it has an interest in $2,500 of the vehicle. That is neither in the stipulation nor otherwise in the record. However, if that be the case, the debtor did, indeed, have an interest in the vehicle, even if the ruling of *Lewis* were applied.

Title to that vehicle was property of the estate and, therefore, the debtor was entitled to turnover of that vehicle. *Whiting Pools,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). Inasmuch as the vehicle is property of the estate, cause has not been shown for relief from the stay. Accordingly, it is

**ORDERED** that the request for relief from stay in Northside of San Antonio Federal Credit Union's Objection to Confirmation and Motion for Relief from Stay filed on July 30, 2001, is Denied. The objection to confirmation is overruled.

**IT IS SO ORDERED.**