In re John Rothwell KNAUS, Debtor.

John Rothwell KNAUS, Appellant,

v.

CONCORDIA LUMBER COMPANY, INC., Appellee.

No. 89–1722.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 25, 1989.

Decided Nov. 13, 1989.

---

Stephen B. Strayer, Liberty, Mo., for appellant.

James W. Henry, Kansas City, Mo., for appellee.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

LAY, Chief Judge.

John Rothwell Knaus purchased certain merchandise from the Concordia Lumber Co. on credit. Upon nonpayment the lumber company obtained a judgment in a Missouri state court and thereafter filed a writ of execution under which the sheriff seized grain and equipment belonging to Knaus. While the property was in the possession of the sheriff before the sale, Knaus filed for bankruptcy under Chapter 11 of the bankruptcy code. Knaus's attorney demanded that the lumber company return the property to the debtor according to 11 U.S.C. § 542 (1982 & Supp. V 1987). The creditor refused to comply and the debtor filed an action with the bankruptcy court for the return of the property. At the turnover proceeding the creditor admitted the property was property of the estate and consented to its turnover.

The bankruptcy court held that the creditor violated the automatic stay of section 362 of the code, 11 U.S.C. § 362 (1982 & Supp. V 1987), by not voluntarily returning the property after the filing of the bankruptcy petition. The court found that the refusal to return the property was accompanied by willfulness and malice. The evidence showed that the creditor's president had attempted to persuade the debtor's church elders to excommunicate the debtor from the church for filing the bankruptcy petition. The court awarded attorney's fees of $270 to the debtor and punitive damages of $750.

On initial appeal the district court remanded the cause to the bankruptcy court to set forth its reasoning supporting the holding. Thereafter the bankruptcy court reiterated and further explained its holding that failure to return the property upon the filing of the bankruptcy petition violated the automatic stay.

On the second appeal the district court held that the failure to voluntarily turn over property taken lawfully before the filing of the bankruptcy petition was not a violation of the automatic stay provisions of the Act. The court also found that the bankruptcy court had not provided adequate reasons for its holding and denied the debtor the attorney fees and punitive damages. We reverse and uphold the findings of the bankruptcy court.

Violation of the Stay

Upon the filing of a bankruptcy petition, section 362 imposes automatically a stay upon most actions by creditors to satisfy their claims against the debtor, including attempts "to exercise control over property in the estate." 11 U.S.C. § 362(a)(3). We recently interpreted this language in *SBA v. Rinehart*, 887 F.2d 165 (8th Cir. 1989). In *Rinehart* we found that the Small Business Administration had attempted to exercise control over property of the bankruptcy estate in violation of the automatic stay when it put a "hold" on funds belonging to the debtor rather than turn them over to the bankruptcy trustee as demanded. In reaching this decision we observed that "[t]he automatic stay is fundamental to the reorganization process, and its scope is intended to be broad." *Id.*, at 168, *citing* H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6296–97. We recognized that in chapter 11 proceedings a primary purpose of the automatic stay is to afford debtors an opportunity to continue their business with their available assets. *Id.* By withholding the payments in order to preserve its claim to them, the SBA denied to the debtors "the

funds they need[ed] to reorganize their farming operations without any supervision or oversight by the bankruptcy court." *Id.*, at 169.

Similarly, in the present case the creditor's continued exercise of control over the property prevented the debtor from continuing his business with all his available assets.

The creditor urges, however, and the district court found, that the case law supports a finding of a violation of the automatic stay only when the property is seized after the automatic stay provisions take effect.[1] Indeed, in *Rinehart* the SBA acquired the funds after the stay was in place, whereas in the present case there was a lawful seizure before the stay.

We fail to see any distinction between a failure to return property taken before the stay and a failure to return property taken after the stay. In both cases the law clearly requires turnover. *See* 11 U.S.C. § 542(a) (entity holding property of the estate shall deliver it to the trustee); *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) (property seized but not yet sold before the filing of the bankruptcy petition is property of the estate subject to turnover requirements of section 542). The duty to turn over the property is not contingent upon any predicate violation of the stay, any order of the bankruptcy court, or any demand by the creditor. *Borock v. Bidlofsky (In re Bidlofsky)*, 57 B.R. 883, 900 (Bankr. E.D.Mich.1985). Rather, the duty arises upon the filing of the bankruptcy petition. The failure to fulfill this duty, regardless of whether the original seizure was lawful, constitutes a prohibited attempt to "exercise control over the property of the estate" in violation of the automatic stay.

As the late Chief Bankruptcy Judge Stewart aptly stated in his opinion on remand:

The principle is simply this: that a person holding property of a debtor who files bankruptcy proceedings becomes obligated, upon discovering the existence of the bankruptcy proceedings, to return that property to the debtor (in chapter 11 or 13 proceedings) or his trustee (in chapter 7 proceedings). Otherwise, if persons who could make no substantial adverse claim to a debtor's property in their possession could, without cost to themselves, compel the debtor or his trustee to bring suit as a prerequisite to returning the property, the powers of a bankruptcy court and its officers to collect the estate for the benefit of creditors would be vastly reduced. The general creditors, for whose benefit the return of property is sought, would have needlessly to bear the cost of its return. And those who unjustly retain possession of such property might do so with impunity.

**Damages**

■ Section 362(h) provides, "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." A willful violation of the automatic stay occurs when the creditor acts deliberately with knowledge of the bankruptcy petition. *See Aponte v. Aungst (In re Aponte)*, 82 B.R. 738, 742 (Bankr.E.D.Pa.1988) (quoting *Wagner v. Ivory (In re Wagner)*, 74 B.R. 898, 903 (Bankr.E.D.Pa.1987)). In this case the debtor informed the creditor of the bankruptcy filing and requested turnover, and the creditor refused. The violation of the automatic stay therefore was deliberate and in knowledge of the petition. This finding of a willful violation supports the bankruptcy court's award of attorneys' fees.

---

1. *See In re Holman*, 92 B.R. 764 (Bankr.S.D. Ohio 1988); *Dubin v. Jakobowski (In re Grosse)*, 68 B.R. 847 (Bankr.E.D.Pa.1987), *aff'd*, 96 B.R. 29 (E.D.Pa.1989), *aff'd*, 879 F.2d 856 (3d Cir. 1989); *Matter of Clark*, 60 B.R. 13 (Bankr.N.D. Ohio 1986); *Carlsen v. Internal Revenue Service (In re Carlsen)*, 63 B.R. 706 (Bankr.C.D.Cal. 1986); *Matter of Behm*, 44 B.R. 811 (Bankr.W.D. Wis.1984); *Endres v. Ford Motor Credit Co. (Matter of Endres)*, 12 B.R. 404 (Bankr.E.D.Wis. 1981); *Wariner v. First State Bank of Livingston (In re Wariner)*, 16 B.R. 216 (Bankr.N.D.Tex. 1981); *Miller v. Savings Bank of Baltimore (In re Miller)*, 10 B.R. 778 (Bankr.Md.1981).

■ An award of punitive damages under section 362(h) requires not only a willful violation of the automatic stay, but also a finding of "appropriate circumstances." We recently interpreted this language to mean "egregious, intentional misconduct on the violator's part." *United States v. Ketelsen (In re Ketelsen)*, 880 F.2d 990, 993 (8th Cir.1989). We have no trouble finding such conduct in this case. In particular we point to the efforts by creditor's controlling officer to have the debtor excommunicated from his church. Thus, the creditor not only willfully failed to fulfill its obligations under the code, it brazenly attempted to punish the debtor for pursuing his rights given by the code.[2] Such reprehensible conduct more than adequately proves the "appropriate circumstances" requisite for punitive damages.

The judgment is reversed with directions to the district court to enter judgment with interest from the date of the initial award of the bankruptcy court.

---

**2.** While such attempts might amount to a violation of the automatic stay in and of themselves, neither the bankruptcy court nor the district court considered this issue, and so we decline to decide it on this appeal.