**In re Keith BROOKS & Dawn Brooks, Debtor.**

**Bankruptcy No. 91–20292–C.**

**United States Bankruptcy Court, W.D. Missouri, C.D.**

**Sept. 19, 1991.**

Noel T. Magee, Columbia, Mo., for debtors.

Jack E. Brown, trustee, Columbia, Mo.

J. Brian Griffith, Columbia, Mo., for MFA Employees Credit Union.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Keith and Dawn Brooks filed a petition for relief under Chapter 7 on or about March 28, 1991. Keith Brooks (hereinafter debtor) was employed by Combined Communications Services. That company has an arrangement with MFA Employees Credit Union (hereinafter MFA) whereby its employees may be members of the aforesaid credit union even though said employees are not employed by Missouri Farmers Association. Debtors listed MFA as a creditor in this proceeding because they had an unsecured, signature loan with creditors. Debtor had an automatic payroll deduction with his employer that deducted $25.20 per week from debtor's salary and sent it to MFA. Said arrangement continued until July of 1991 and MFA received $453.60 post petition.

On or about July 18, 1991, debtor told his attorney what had been happening. Debtor's attorney wrote to MFA and requested that MFA refund all post petition payments and stop the payroll deduction. On July 24, 1990, counsel for MFA denied the first request and suggested debtor cancel the payroll deduction in response to the second request. Debtor thereafter did cancel the wage deduction and then filed for civil contempt in violation of the automatic stay. Debtor seeks return of the $453.60 plus recovery of attorney fees of $219.00 for pursuing the action.

It is debtor's position that when MFA received notice of the bankruptcy it was on notice that it should collect nothing further without some affirmative indication from debtor that he voluntarily chose to pay the prepetition debt.

It is MFA's position that 11 U.S.C. Section 362 speaks of "any act to collect, assess, or recover a claim against the debtor" and that it did no affirmative act. MFA says it did nothing more than open its mail and deposit the checks which it presumed were voluntary payments, made by the debtor because of his continuing moral obligation to repay his creditors. MFA's position reminds one of *English Proverbs, 1546* by John Heywood: "She looketh as butter would not melt in her mouth". However, that position is weakened considerably by MFA's continued refusal to disgorge the 18 post petition payments it received.

Likewise the case law fails to support MFA's interpretation of its rights and responsibilities. The first case in point reported after adoption of the Bankruptcy Reform Act of 1978 is *Matter of Holland*, 21 B.R. 681 (Bkrtcy.N.D.Indiana 1982). In that case, Judge Rodibaugh held that a credit union was in violation of the automatic stay unless it provided a stop deduction form and helpful assistance to anyone who filed bankruptcy. Judge Rodibaugh also held that continuing wage deductions were not voluntary payments and that the credit union was in contempt of court.

Interestingly, the Dana Corporation Federal Credit Union in that case made the same argument, i.e., that "it took no act to collect" that MFA makes. Judge Rodibaugh neatly destroyed that contention by holding that the applications of the funds to the debt were affirmative acts, prohibited by the automatic stay.

The Seventh Circuit has more recently broadened the ruling in *Holland*. In *Matter of Hellums*, 772 F.2d 379 (7th Cir.1985) that court said:

"We hold that Congress intended the stay of section 362(a)(6) to apply to the automatic (as well as coerced) transfer and application of post petition funds to the prepetition debts of Chapter 7 debtors". l.c. 381.

It is true that the Eighth Circuit has not spoken to this precise issue. However, *Knaus v. Concordia Lumber Company*, 889 F.2d 773 (8th Cir.1989) leads this author to believe that it would reach the same conclusion as the Seventh Circuit did. In the *Knaus* case, the Eighth Circuit ruled that the postpetition refusal of a creditor to release property seized prepetition under a lawful execution by the sheriff, when so requested by the debtor, was a violation of the automatic stay and subjected the creditor to imposition of attorney fees and punitive damages.

Because this precise question seems new to this district as well as to this circuit, the Court will suggest the steps that it feels a prudent creditor might pursue without fear of consequences. A highly prudent creditor who receives a notice of bankruptcy from a debtor with a payroll deduction being used to pay an unsecured debt, would probably consider a form letter to debtor's counsel advising that debtor may terminate the payroll deduction upon whatever form is required and also advise the availability of that form. Even if the creditor chooses not to pursue that avenue, if it is even slightly prudent, it should immediately refund any post petition payments it has received via the automatic wage deduction the minute it receives a request for refund.

While the simple application of the payroll deduction to the debt is technically a violation of the automatic stay, that alone is not the type of violation that requires sanctions, damages or attorney fees. It is the refusal to disgorge the payments improperly applied post petition to the prepetition debts that provides the basis for the willful aspect that 11 U.S.C. Section 362(h) requires before attorney fees and other damages, including punitive, are appropriate.

In this case, debtor sought only return of the $453.60 improperly applied to his debt and attorney fees of $219.00 for the services in recovering the $453.60. The Court finds that the latter amount is reasonable. MFA Employees Credit Union is ORDERED to return the $453.60 to the debtor of the estate and to pay $219.00 to counsel for debtor.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions

of Law as required under rule 7052, Rules of Bankruptcy.

SO ORDERED.