### In re James Stephen RHODES and Sarah Rhodes, Debtors.

### Bankruptcy No. 90–15673F.

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

June 23, 1992.

ORDER

JAMES G. MIXON, Bankruptcy Judge.

On December 31, 1990, James Stephens Rhodes and Sarah Rhodes (debtors) filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code. John T. Lee, Esq., was appointed trustee. On August 8, 1991, the debtors filed a motion to cite the Internal Revenue Service for contempt for violating the automatic stay provisions of 11 U.S.C. § 362. A hearing was held on March 12, 1992.

Among the assets listed in the debtors' schedules was the debtors' homestead located in Washington County, Arkansas. The debtors claimed their homestead as exempt property pursuant to the state exemption permitted by 11 U.S.C. § 522. No objection was filed to the debtors' claim of exemption.

The Internal Revenue Service (IRS) had a prepetition tax claim against the debtors in the sum of $14,345.26. Michael Wells (Wells), an agent for the IRS, was assigned the responsibility of collecting the debtors' account for the IRS. Wells stated that he contacted Mr. Rhodes in January 1991 to collect the taxes. Wells testified that Mr. Rhodes told him that he (Rhodes) had filed bankruptcy, but Mr. Rhodes could not furnish a bankruptcy case number to Wells. Wells contacted the Little Rock office and was informed that a computer search revealed no bankruptcy filing by Mr. Rhodes.

On April 18, 1991, after efforts to meet with Mr. Rhodes and to collect the taxes proved fruitless, Wells, filed a Notice of Federal Tax Lien in the deed records of Washington County, Arkansas. As a result of this filing, the tax lien attached to the debtors' homestead. *See* 26 U.S.C. § 6321. On May 1, 1991, Wells met with Mr. Rhodes and was able to ascertain that Rhodes had filed bankruptcy. Wells stated that he informed Mr. Rhodes that all future communications would have to be with IRS's Special Procedure Branch in the Little Rock office.

In June 1991, the debtors entered into a contract with Barbara Ann Junkin for the

Stephen E. Adams, Fayetteville, Ark., for debtors.

John D. Russell, U.S. Dept. of Justice, Washington, D.C., for I.R.S.

John T. Lee, Trustee, Siloam Spring, Ark.

sale of the debtors' homestead. During the closing preparations, the debtors became aware of the existence of the federal tax lien on their homestead. The debtors negotiated with the IRS for a release of the tax lien. The negotiations resulted in the debtors' agreeing to deliver two tax refund checks totaling $3,571.11 to the IRS and also agreeing to pay the IRS $7,632.62 from the equity realized from the sale of the homestead.

The IRS concedes that a violation of the stay occurred; however, the IRS argues that the violation was not willful and, therefore, sanctions would be inappropriate. The debtors argue that there was substantial evidence of willfulness on the part of the IRS and that they should be awarded damages.

## DISCUSSION

■ 11 U.S.C. § 541 defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Under the Bankruptcy Code, exempt property is property of the estate until such time as it is conveyed or abandoned pursuant to court order. 11 U.S.C. § 541; 4 *Collier on Bankruptcy* ¶ 541.-02[3] (15th ed. 1989). Exempt property is automatically abandoned when a case is closed. 11 U.S.C. § 554(c).

■ The automatic stay prohibiting acts against property of the estate terminates when property is no longer property of the estate. 11 U.S.C. § 362(c)(1). The automatic stay prohibiting acts against the debtor to collect a prepetition claim continues until the earliest of "the time the case is closed; [or] ... the time a discharge is granted or denied." 11 U.S.C. § 362(c)(2)(A) and (C).

■ The debtors have not obtained a discharge and the case has never been closed. Therefore, 11 U.S.C. § 362 clearly prohibited the imposition of the tax lien on the debtors' homestead. Wells filed the tax lien without actual knowledge of the existence of the bankruptcy case. An act done in violation of the stay is void, but if the act is not willful, the violator is not subject to sanctions. *See Goichman v. Bloom (In re Bloom)*, 875 F.2d 224 (9th Cir.1989).

■ By the first of May, the IRS was aware of the bankruptcy case, yet the IRS did nothing to correct the improper recording of the tax lien. Failure to correct an act done in violation of the stay has been held to be an act of contempt. *Abrams v. Southwest Leasing and Rental, Inc. (In re Abrams)*, 127 B.R. 239, 241–42 (Bankr.9th Cir.1991) citing *Knaus v. Concordia Lumber Co., Inc. (In re Knaus)*, 889 F.2d 773 (8th Cir.1989). In addition, the IRS insisted on the payment of its prepetition claim as a condition for release of the improperly imposed tax lien by coercing the debtors to convey two tax refund checks and $7,632.62 to the IRS. The refund checks were property of the estate, and, the debtors' conveyance of these checks to the IRS subjected the debtors to liability to the chapter 7 trustee under 11 U.S.C. § 549. The IRS offered no explanation for why it chose to ignore the automatic stay.

■ Therefore, the IRS is found to be in willful contempt of the automatic stay. As sanctions for violating the automatic stay, the IRS is ordered to satisfy the balance of any unpaid portion of its claim filed in this case. Proof of satisfaction of the tax claim shall be in writing and shall be forwarded to counsel within ten (10) days of the effective date of this order. The IRS is also ordered to release any encumbrance on any of the debtors' property that is based on the debtors' prepetition tax liability.

The bankruptcy clerk shall forthwith serve a copy of this order of contempt on the Internal Revenue Service. This order of contempt shall become effective as a final order ten days after service of the order on the IRS unless, within the ten-day period, the IRS serves and files with the bankruptcy clerk an objection to this order as provided by Federal Rule of Bankruptcy Procedure 9033(b). If an objection is filed, this order shall be subject to review by the

district court pursuant to Federal Rule of Bankruptcy Procedure 9033.

IT IS SO ORDERED.