**In re Larry Jay RYAN, Laura Phelps Ryan, Debtors.**

**Bankruptcy No. 92–7525–8P3.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 11, 1993.

Thomas Joel Chawk, Lakeland, FL, for debtors.

Terry Smith, Bradenton, FL, Chapter 13 Trustee.

Larry Foyle, Tampa, FL, for GMAC.

## ORDER ON MOTION TO IMPOSE SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case and the matter under consideration is a Motion filed by Larry J. Ryan (Debtor) who seeks imposition of sanctions against General Motors Acceptance Corporation (GMAC) for the alleged violation of the automatic stay. The facts which are relevant and as established at the Final Evidentiary Hearing are as follows:

The Debtor purchased a 1991 Chevrolet Corvette in November, 1991. The purchase was financed by General Motors Acceptance Corporation (GMAC). According to the installment note, the Debtor was required to pay to GMAC $533.00 per month until the automobile was paid in full. Because of marital difficulties, the Debtor moved to California and took the car with him without the consent of GMAC in apparent violation of the contract. However, the Debtor notified GMAC that he took the car to California and it appears that GMAC knew of his whereabouts in California and knew where the car was.

Notwithstanding the apparent violation of the contract, GMAC continued to accept payments from the Debtor, and the Debtor remained current on this contractual obligation until May, 1992. That was the first time the Debtor became delinquent, having failed to make the payments which became due for April and May, 1992. It is without dispute that on May 28, 1992 GMAC repossessed the automobile. It appears that the Debtor attempted to cure the default by tendering payments to GMAC, which were refused. On May 29, 1992, the Debtor was informed by GMAC that they had repossessed the car, and notwithstanding the Debtor's attempts to make up the missing payments, GMAC would not release the car and return same to the Debtor.

On June 3, 1992, the Debtor filed his Petition for Relief under Chapter 13 of the Bankruptcy Code. On the same date the Debtor visited the offices of GMAC, notified GMAC that he filed his Petition and attempted to pay the delinquent payments. Again, the agent of GMAC refused to take the payments. It is without dispute that GMAC demanded full payment of the balance of the contract and would not accept any installment payments sufficient to cure the default. When GMAC refused to accept the contractual payments, including the amount needed to cure the default, the Debtor placed the funds necessary to cure the default in his attorney's trust account. Deprived of the automobile, the Debtor was required to rent an automobile at a cost of $150.00 per week. GMAC ultimately returned the automobile to the Debtor on October 13, 1992. The Debtor has expended $2,700.00 in rental payments for the eighteen (18) weeks during which he was deprived of the use of his automobile.

Based on the foregoing, it is the contention of the Debtor that GMAC, upon being informed that the Debtor filed a Chapter 13 Petition, had an affirmative obligation to comply with the request to return the car, especially when the Debtor tendered payment to take care of the missing monthly payments. GMAC's failure to return the vehicle, according to the Debtor, constitutes a violation of the automatic stay, and therefore, he is entitled to recover his costs and attorneys fees pursuant to § 362(h) of the Bankruptcy Code.

It is the position of GMAC that it had no obligation to return the car, and had an absolute right to demand payment of the entire balance of the contract in full until it was ordered by the Court to accept installment payments.

■ One of the uniformly recognized and most far-reaching protections accorded to Debtors under the Bankruptcy Code is § 362(a) which imposes an automatic stay and prohibits the commencement or continuation of any action designed to enforce resolution of a pre-petition obligation owed by the Debtor. In 1984, § 362 was amended by the Bankruptcy Amendment and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 355, (BAFJA), and now protects debtors from any "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." It is clear that the amendment was intended to widen the scope of the protection granted to debtors by § 362.

■ While there is no question that any seizure of the Debtor's property post-petition would be a violation of the automatic stay, this is not what is involved in this case. This case involves a willful failure of the creditor to return post-petition property seized pre-petition. The Eighth Circuit Court of Appeals considered an identical problem in the case of *In re Knaus*, 889 F.2d 773 (8th Cir.1989). In this case, the Eighth Circuit held that the filing of a bankruptcy petition creates a duty in creditors in possession of estate property to turn over such property. *Knaus*, 889 F.2d at 775. The Court concluded that the failure to fulfill this duty constituted a prohibited attempt to "exercise control over property of the estate in violation of the automatic stay." *Id.*, at 775. The Bankruptcy Court of Appeals in the case of *In re Abrams*, 127 B.R. 239 (9th Cir. BAP 1991), found the reasoning in *Knaus* persuasive and concluded that a post-petition retention of the property of the estate is clearly a violation of the automatic stay.

Section 362(h) provides a remedy for willful violations of the automatic stay as follows:

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

The term "willful" has been defined for the purposes of § 362(h) by the 9th Circuit as follows:

A "willful" violation does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded.

In the last analysis, there is no question that the violation was willful when a creditor acts intentionally with knowledge of the pendency of Bankruptcy. Although the seizure occurred pre-petition, GMAC is in "willful and intentional" violation of § 362 by not returning the automobile after receiving notification of the filing of the Bankruptcy Petition, which based upon the foregoing constitutes continuing control over property of the estate.

Having concluded that the continued retention of the automobile by GMAC violated the automatic stay, the question remains what remedies, if any, shall be available to the Debtor.

The damages suffered by this Debtor, of course, flow clearly from the violation by GMAC since its willful refusal to return the automobile compelled the Debtor to rent an automobile, thus incurring the rental expense for 18 weeks in the total amount of $2,700.00 in rental payments.

The Section also permits imposition of sanctions not only for actual damages but costs and attorney fees and under appropriate circumstances, punitive damages. While this Court is disinclined to impose punitive damages at this time, it is satisfied that the Debtor shall be entitled to be reimbursed for costs and attorney's fees in the amount to be determined by this Court by submission of an affidavit by counsel for the Debtor as to time spent at a reasonable hourly rate and, of course, the amount sought.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion to Impose Sanctions pursuant to § 362(h) be, and the same is hereby, granted and GMAC shall, upon final determination of the sanctions by this Court, pay the same to the Debtor within fifteen (15) days from the date of Order determining sanctions, or in lieu of same to credit the balance owed by the Debtor to GMAC on the automobile. It is further

ORDERED, ADJUDGED AND DECREED that the attorney for the Debtor is hereby directed to provide this Court with an affidavit setting forth a schedule of services rendered and fees related to this matter within fifteen (15) days from the date of this Order.

DONE AND ORDERED.