**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant,**

v.

**Larry J. and Laura RYAN, Appellees.**

**No. 93–1612–CIV–T–23A.**

United States District Court, M.D. Florida, Tampa Division.

May 31, 1995.

Larry Michael Foyle, Kass Hodges, P.A., Tampa, FL, for appellant.

Thomas Joel Chawk, Family Legal Centers of Chawk & Assoc., P.A., Lakeland, FL, for appellees.

METZNER, Senior District Judge.[1]

The creditor, General Motors Acceptance Corporation (GMAC), appeals from an order of the bankruptcy court granting the debtor's motion to impose sanctions on GMAC for violating the automatic stay provisions of section 362(a) of the Bankruptcy Act. It appears that counsel for the debtor has been relieved of his representation in this case and the debtor has not filed a brief in opposition.

GMAC repossessed the debtor's automobile for failure to pay installments due under the financing contract and for removing the car from Florida to California without notifying GMAC. Pursuant to the contract GMAC declared the entire balance due and payable. It refused the debtor's offer to pay the current installments.

Repossession occurred on May 28, 1992. On May 29, 1992, the debtor was notified of the repossession. On June 3, 1992, the debtor filed for relief under Chapter 13 of the Bankruptcy Act. On the same day, the debtor notified GMAC of the filing and again tendered payment of the installments due. GMAC refused the proffer.

After GMAC was told that the petition had been filed, it advised the debtor's attorney that if he wanted the car, he should file a turnover action pursuant to section 542 of the Bankruptcy Act so that GMAC could apply for protective relief. Such a proceeding was instituted on July 29, 1992.

GMAC filed a Motion to Lift the Stay, "so that it could take whatever action was appropriate since Appellee was doing nothing to seek recovery of the vehicle."

Subsequently, the court ordered turnover with protection to GMAC, and the car was returned the next day. There then followed this motion by the debtor for sanctions pursuant to section 362(h) of the Bankruptcy Act. The court found that the debtor had rented a car for $150 a week during the period of its repossession and its return by GMAC. The court found GMAC liable for the rental of the car in the amount of $2,700, and reserved the award of counsel fees.

GMAC places great reliance on the cases of *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), and *In re Empire for Him, Inc.,* 1 F.3d 1156 (11th Cir.1993), as authority to reverse the decision below. Those cases speak of the right of the creditor to adequate protection in case an order is issued for the turnover of property of the estate. There is no argument, however, of the right of the creditor to protection. The question here is who has the duty to seek that protection.

The case of *Knaus v. Concordia Lumber Co., Inc.,* 889 F.2d 773 (8th Cir.1989), is factually on all fours with the instant matter. The court there stated, "The duty to turn over the property is not contingent upon any protected violation of the stay, any order of the bankruptcy court, or any demand by the creditor. [Citations omitted]. Rather, the duty rises upon the filing of the bankruptcy petition." The court pointed out that it would be improper for the creditor, without cost to itself, "to compel the debtor or his trustee to bring suit as a prerequisite to returning the property...."

This case was followed by the Bankruptcy Appellate Panel of the 9th Circuit in *In re Abrams v. Southwest Leasing and Rental, Inc.,* 127 B.R. 239 (9th Cir. BAP 1991).

A creditor's failure to voluntarily turn over property taken lawfully prepetition, when so requested by the debtor postpetition, is a violation of the automatic stay. This means that instead of waiting for the debtor to institute turnover proceedings, the creditor should come into court upon proper notification, and request a lifting of the automatic stay, at which time the creditor may obtain the protection to which it is entitled. Section 362(d)(1) of the Bankruptcy Act.

The case, however, must be remanded to the bankruptcy court because there was inadequate proof that the debtor actually rented the car throughout the period he claims at the amount stated.

---

1. The Honorable Charles M. Metzner of the United States District Court, Southern District of New York, sitting by designation.

The order of the bankruptcy court is affirmed except that the matter is remanded for further proof on the issue of damages.