In re Kenneth James BERSCHEIT, d/b/a Berscheit Trucking, f/d/b/a Westside Repair, Debtor.

Bankruptcy No. 98–20663.

United States Bankruptcy Court, D. Wyoming.

June 4, 1998.

Georg Jensen, Cheyenne, WY, for Plaintiff/Movant.

Virginia M. Dalton, Pearlman & Dalton, P.C., Denver, CO, Timothy C. Kingston, Graves, Miller & Kingston, P.C., Cheyenne, WY, for Defendant/Respondent.

### ORDER ON DEBTOR'S MOTION FOR COMPLIANCE WITH THE PROVISIONS OF THE AUTOMATIC STAY AND FOR SANCTIONS ON CONTEMPT

PETER J. McNIFF, Bankruptcy Judge.

The debtor's motion for an order requiring Newcourt Financial USA (Newcourt) to comply with the automatic stay (turnover of property) and for sanctions pursuant to 11 U.S.C. § 362(h) came before the court for a hearing on May 29, 1998. The court has considered the testimony and other evidence, the arguments of the parties and the applicable law and is prepared to rule.

The court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157 & 1334. The court has routinely permitted these issues to be heard as contested matters. *See In re Hooker Investments, Inc.,* 116 B.R. 375, 378 (Bankr.S.D.N.Y.1990).

### Findings of Fact

The relevant facts are not disputed. Newcourt is a prepetition creditor of the debtor with a security interest in a 1995 Western Star semi-tractor. The debtor has been in default on the obligation since January, 1998.

On May 6, 1998, Newcourt repossessed the 1995 Western Star. The vehicle was stored in a location under the control of a third party.

On May 14, 1998, Kenneth James Berscheit filed this voluntary chapter 13 petition. On that date, his counsel provided Newcourt with notice of the bankruptcy case and demanded turnover of the vehicle. The vehicle is property of the estate and is necessary to the continued operation of Mr. Berscheit's business as a contract hauler. After Newcourt received information that Mr. Berscheit had filed his chapter 13 case, Newcourt notified the company with possession of the vehicle to move it to a locked, more secure location.

Newcourt, through its counsel, declined to turnover the vehicle, requesting adequate protection in the form of postpetition payments, insurance documentation, and evidence that Mr. Berscheit had contracts or a source of income from which to make postpetition plan payments. Mr. Berscheit apparently provided Newcourt with some evidence of casualty insurance, but a standoff on the other issues followed. On May 20, 1998, the debtor filed this motion and Newcourt filed a motion for adequate protection and/or relief from the automatic stay.

### Conclusions of Law

Mr. Berscheit seeks a turnover of his semi-tractor under 11 U.S.C. § 542(a), which states that "an entity ... in possession ... of property that the trustee may use ... *shall* deliver the property to the trustee." (Emphasis provided.) Mr. Berscheit also seeks damages, pursuant to § 362(h), for a willful violation of the automatic stay imposed by § 362(a)(3).

Under § 362(a)(3), a stay is imposed against any act to exercise control over property of the estate. A willful violation occurs if an act which violates the stay is deliberately taken with knowledge that the debtor has filed a petition in bankruptcy. *In re Matthews,* 184 B.R. 594, 599 (Bankr.S.D.Ala. 1995).

In the case of an entity in possession of estate property, knowledge means notice of the bankruptcy and that the property in the possessor's custody is the debtor's property. *In re USA Diversified Products, Inc.,* 100 F.3d 53, 57 (7th Cir.1996). Conduct is deliberate if it is intentional, but the conduct need not be taken with intent to violate the stay. *In re Roberts,* 175 B.R. 339, 344 (9th Cir. BAP 1994).

Newcourt responds that before a turnover of the property is required, Newcourt is entitled to adequate protection under § 363(e) and in accordance with the ruling of the Supreme Court in *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 2317, 76 L.Ed.2d 515 (1983). Newcourt also argues that maintaining the prepetition status quo, in absence of adequate protection, is not a willful violation of the automatic stay.

## Turnover

The three sections of the Code at issue become intertwined when circumstances such as these occur. This court has consistently held that once a creditor is notified of a bankruptcy filing, the creditor has an affirmative duty to turn over property, even if lawfully taken. The language of § 542(a) is mandatory and requires that a creditor in possession of estate property that the trustee may use under section 363, *shall* turn that property over to the trustee. In so ruling, this court adopted the reasoning of the courts in *In re Knaus*, 889 F.2d 773, 774 (8th Cir.1989) and *In re Del Mission Ltd.*, 98 F.3d 1147, 1151 (9th Cir.1996).

Nevertheless, Newcourt argues that Mr. Berscheit may not use the vehicle until the adequate protection requirements of § 363 are satisfied and, therefore, § 542(a) is not triggered. This is a chapter 13 case in which the debtor operates a business. As such, the debtor has the right to use property of the estate in the ordinary course of business. 11 U.S.C. §§ 363(c) & 1304. Whether the result would be the same were the debtor not operating a business is not at issue, but is a question which has produced differing results. *See, e.g., In re Sharon*, 200 B.R. 181 (Bankr.S.D.Ohio 1996); *contra In re Brown*, 210 B.R. 878, 882 (Bankr.S.D.Ga.1997).

The court disagrees with Newcourt and the cases it cites. The problem with the Newcourt argument is twofold. First, the plain language of § 363(e) states that the court may condition the use of property to the extent necessary to adequately protect a creditor's interest "on request of an entity that has an interest in [the] property." The creditor has the burden of requesting an order of adequate protection from the court if no agreement can be reached.

Second, to hold otherwise allows a creditor in possession of estate property to be the final arbiter of what is or is not adequate protection, a matter within the province of the court. Newcourt was required to turn-over the vehicle to Mr. Berscheit, or seek relief in the court, without demanding proof of business income or adequate protection payments.

## Adequate Protection

As part of the turnover/adequate protection equation, the court considers issues of insurance and imminent jeopardy to the property. In most cases, reasonable communications between the parties resolve these matters before court involvement is necessary.

No one disputes that Newcourt's security interest is entitled to adequate protection. In this case the property is insured. Despite the ill-conceived prepetition statements by Mr. Berscheit that he could conceal the collateral, that conduct would be ill-advised and undermine any possible success of his chapter 13 case.

The remaining issue of adequate protection is whether the collateral value is declining or any equity is sufficient to protect against a depreciation. Under the facts of this case, there is no immediate threat to the collateral. The other adequate protection issues can be considered in litigation on Newcourt's motion.

## Violation of the Automatic Stay

Finally, Mr. Berscheit alleges that Newcourt's refusal to comply with § 542(a) violated § 362(a)(3). Citing *In re Young*, 193 B.R. 620 (Bankr.D.Dist.Col.1996), Newcourt argues that passive retention of the property is maintaining the status quo and, therefore, not conduct in violation of the automatic stay. Again the courts are in disagreement, but in this court's view the *Young* case is unpersuasive.

The debtor may have the burden of proving adequate protection, and a creditor may be entitled to adequate protection, but that is not the issue. The effect of § 362(a)(3) requires that the creditor either turn over the property or seek relief from the court. Someone was in control of the estate property, and it was not the debtor.

This court agrees with the court in *General Motors Acceptance Corp. v. Ryan*, 183 B.R. 288, 289 (M.D.Fla.1995). A creditor has immediate or even ex parte access to the court under §§ 362(f) and § 363(e) if a turnover jeopardizes the collateral.

Newcourt also finds support for its conduct in the United States Supreme Court case of *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995). The Court held in *Strumpf* that an administrative freeze of a bank account subject to a right of set-off did not violate the automatic stay. However, in declining to find a stay violation, the Court specifically distinguished the promise to pay evidenced by the bank account from tangible property such as money. *Id.* at 20–21, 116 S.Ct. at 290. The issue before this court was not addressed or resolved by *Strumpf.*

### Conclusion

In this case, the evidence shows that Newcourt, upon notice of the filing of this case, secured the repossessed property in a locked location and refused to return it without proof of income ability and an offer of adequate protection payments, which only Newcourt would decide were or were not sufficient. The refusal to turnover the vehicle upon request of the debtor was an exercise in control of the vehicle in violation of § 362(a). It is, therefore, ORDERED that:

1. The respondent, Newcourt Financial USA, Inc., willfully violated the automatic stay after receiving notice of filing the bankruptcy case and the stay violation continued, at least, until it filed its motion for adequate protection and/or stay relief, a violation for which the debtor is entitled to prove any damage resulting therefrom; and

2. Newcourt Financial USA, Inc. shall immediately turnover the 1995 Western Star semi-tractor to the debtor; and

3. The remaining adequate protection issues are deferred pending a final hearing on Newcourt's motion at which time the court will also hear the damage portion of the debtor's case.