LOYOLA UNIVERSITY

v.

Tamica McCLARTY

CIV.A. No. 98–2933.

United States District Court,
E.D. Louisiana.

April 19, 1999.

Robin Bryan Cheatham, Douglas H. Edwards, Adams & Reese, New Orleans, LA, for Appellant.

A. Bowdre Banks, Jr., A. Bowdre Banks, Attorney at Law, New Orleans, LA, for Debtor.

S.J. Beaulieu, Jr., Metairie, LA, Chapter 13 Trustee pro se.

### MEMORANDUM AND ORDER

BARBIER, District Judge.

Before the court is an appeal by creditor Loyola University, New Orleans from the bankruptcy court's decision that the university violated the automatic stay im-

posed by 11 U.S.C. § 362[1] by withholding the student-debtor's academic transcript due to the student-debtor's default of a pre-petition debt owed to the university. Loyola also appeals the imposition of monetary sanctions for willful violation of the automatic stay in accordance with 11 U.S.C. § 362(h).

## FACTS

Debtor filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on February 25, 1998. Debtor's Chapter 13 plan was confirmed on May 5, 1998. At the time she filed her bankruptcy petition, debtor was a graduate student at Loyola University. Because Loyola refused to give debtor her academic transcript which she needed to attend summer school at another university, debtor filed a motion with the bankruptcy court seeking to have the court order Loyola to turn over the transcript. It is Loyola's policy not to release the transcript until any debt to the school is paid in full.

As a matter of first impression in this circuit, the bankruptcy court followed the view of the majority of courts which have resolved this issue and concluded that Loyola's withholding of the transcript was a violation of the automatic stay. The court reasoned that Loyola's actions amounted to a debt enforcement and collection mechanism which the automatic stay seeks to prevent. The bankruptcy court also imposed monetary sanctions against Loyola because the university had knowledge of the debtor's bankruptcy case when it refused to give debtor her transcripts and,

therefore, willfully violated the automatic stay.

## DISCUSSION

Loyola argues that because an educational loan is presumed to be nondischargeable under 11 U.S.C. § 1328, the university should be allowed to hold the academic transcript at least until the bankruptcy court determines whether the debt is dischargeable. This court does not agree with this argument, but instead, concurs with the reasoning and conclusions of the bankruptcy court in its Memorandum Opinion. This Court also notes that from the plain language of 11 U.S.C. § 362(b), which lists 18 exceptions to the automatic stay, education loans are not included and, therefore, not excepted from the automatic stay.

This Court also agrees with the imposition of sanctions in accordance with 11 U.S.C. § 362(h). Loyola knew the debtor had filed for bankruptcy and yet the university still withheld the academic transcript. The university acted deliberately with knowledge of the pending bankruptcy and, therefore, was in willful violation of the stay. *In re Knaus*, 889 F.2d 773 (8th Cir.1989).

Accordingly,

**IT IS ORDERED** that the judgment of the bankruptcy court is **AFFIRMED**.

---

1. 11 U.S.C: 362 provides in pertinent part:
   (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—
   (6) any act to collect, assess, or recover a claim against the debtor that arose before commencement of the case under this title;
   \* \* \* \* \* \*
   (h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.