In re: Paul S. ROWELL, Debtor.

Paul S. Rowell, Appellant,

v.

Chase Manhattan Automotive Finance Corporation, Appellee.

No. SM03–90814.
No. 2:04–CV–48.

United States District Court,
W.D. Michigan,
Northern Division.

Nov. 8, 2004.

Allan J. Rittenhouse, Norman Patterson Moore, Jr., Allan J. Rittenhouse, Iron Mountain, MI, for Paul S. Rowell, appellant.

Allison Joelle Harvill, James W. Batchelor, Trott & Trott, P.C. (Grand Rapids), Grand Rapids, MI, for Chase Manhattan Automotive Finance Corporation, appellee.

Michael V. Maggio, U.S. Trustee (Grand Rapids), Daniel M. LaVille, U.S. Bankruptcy Court, Grand Rapids, MI, Pro Se, for Brett N. Rodgers, Saul Eisen, Daniel M. LaVille, interested parties.

### OPINION

ROBERT HOLMES BELL, Chief Judge.

Appellant Paul S. Rowell, the debtor in a Chapter 13 bankruptcy proceeding, ap-

peals the bankruptcy court's December 18, 2003, denial of his motion for summary judgment.

## I.

On November 28, 2003, Rowell filed a motion for summary judgment requesting damages against Chase Manhattan Automotive Finance Corporation ("Chase") for its repossession of Rowell's automobile in violation of the automatic stay. Rowell produced evidence that he filed for Chapter 13 protection on August 26, 2003, that Chase Manhattan Bank USA was listed on the schedule of creditors holding secured claims, that the bankruptcy court issued the order and notice of stay on August 27, 2003, and that Chase repossessed Rowell's vehicle on October 1, 2003. On the basis of this evidence Rowell asserted that there was no genuine issue of material fact that Chase violated the automatic stay, and that Rowell was entitled to a judgment and relief. Chase opposed the motion on the basis that it did not have prior notice of the stay and because it immediately returned the vehicle within hours of the repossession when it learned about the stay from Rowell's attorney.

The bankruptcy court held a hearing on the motion on December 13, 2003, at the conclusion of which the court denied Rowell's motion for summary judgment because there was no proof that Chase had been properly served with notice of the stay prior to the repossession and because any violation of the stay was merely technical. The bankruptcy court's order dated January 7, 2004, states that "[f]or the reasons stated on the record, Debtor's Motion for Summary Judgment is denied and no damages are awarded."

■ We review a bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *Wesbanco Bank Barnesville v. Rafoth (In re Baker &*

*Getty Fin. Servs.)*, 106 F.3d 1255, 1259 (6th Cir.1997); Bankruptcy Rule 8013.

Rule 56 of the Federal Rules of Civil Procedures governs summary judgment motions in bankruptcy court adversary proceedings. FED. R. BANKR. P. 7056. Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A court may enter summary judgment sua sponte in favor of a nonmoving party so long as the losing party has had adequate opportunity to present evidence on the issue on which summary judgment is granted. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("district courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence"); *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 204 (6th Cir.1998).

The filing of a bankruptcy petition gives rise to an automatic stay of proceedings against the debtor, including proceedings to obtain possession of property. 11 U.S.C. § 362(a)(3). The bankruptcy code provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h).

■ There can be no dispute that the term "willful violation" requires, at a minimum, that the creditor had actual notice of the stay. *See, e.g., TranSouth Financial Corp. v. Sharon (In re Sharon)*, 234 B.R. 676, 679 (6th Cir.BAP1999) ("A violation of the automatic stay can be willful when the creditor knew of the stay and violated the stay by an intentional act."); *In re Knaus*, 889 F.2d 773, 775 (8th Cir.1989) ("A willful

violation of the automatic stay occurs when the creditor acts deliberately with knowledge of the bankruptcy petition."). Although Rowell asserted that Chase had been sent notice and that he himself had called Chase to give notice of the stay, the address for Chase that was provided to the bankruptcy court was a post office box without an individual's name or title. Chase denied receiving the notice prior to the repossession. The record in this case shows that there was at least an issue of fact as to whether Chase had actual notice of the stay.

Moreover, we have previously held that a willful violation requires more than a mere showing that the creditor had knowledge of the bankruptcy petition. *Kolberg v. Agricredit Acceptance Corp.*, 199 B.R. 929 (W.D.Mich.1996) (Quist, J.). As this Court observed in *Kolberg*, "most courts have held that a willful violation requires proof that the creditor demonstrated 'egregious, intentional misconduct.'" *Id.* at 932–33.

The Sixth Circuit Bankruptcy Appellate panel affirmed the finding of a willful violation in *In re Sharon* where the creditor withheld possession of the debtor's vehicle for 58 days after demand and tender of adequate protection. 234 B.R. at 688. The damages awarded in *In re Sharon* were for the attorney fees necessitated by the creditor's refusal to deliver possession of the car until the debtor obtained a court order. *Id.*

In this case there is no evidence that Chase's conduct amounted to "egregious, intentional misconduct." It is undisputed that when Rowell's attorney called Chase to complain about the repossession, Chase acted immediately to rectify its mistake and it returned Rowell's vehicle within several hours after it was repossessed.

■ This undisputed fact that the vehicle was immediately returned also supports the bankruptcy court's determination that the violation was merely technical and that no damages were appropriate. An action under 11 U.S.C. § 362(h) for violation of the automatic stay is in the nature of a civil contempt proceeding. *Archer v. Macomb County Bank*, 853 F.2d 497, 498–99 (6th Cir.1988). "An award of damages based upon civil contempt should not be speculative or conjectural." *Kolberg*, 199 B.R. at 933. Together with his motion for summary judgment Rowell filed an unsigned affidavit stating that he felt panic, embarrassment and fear regarding the unexplained loss of his vehicle and that he was forced to rent a vehicle. Even if Rowell's affidavit had been signed, the evidence would be insufficient to support an award of actual damages in light of the fact that Rowell's car was returned within a matter of hours.

Rowell failed to come forward with evidence of either injury or willful violation. Accordingly, the bankruptcy court's denial of Rowell's motion for summary judgment and its de facto entry of judgment in favor of Chase on the issue of willful violation of the bankruptcy stay will be affirmed.

An order consistent with this opinion will be entered.

### ORDER

In accordance with the opinion entered this date,

**IT IS HEREBY ORDERED** that the United States Bankruptcy Court's January 7, 2004, order denying debtor's motion for summary judgment is **AFFIRMED**.