**In re Renee SCALES, Debtor(s).**

No. 11–50529.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Jan. 30, 2012.

See also 2012 WL 3206691.

Michael R. Beckett, Michael R. Beckett, Attorney at Law, Akron, OH, for Debtor.

**MEMORANDUM OPINION RE:** (1) DEBTOR'S "AMENDED MOTION FOR TURNOVER OF PROPERTY" [DOCKET # 15] AND (2) DEBTOR'S "MOTION FOR USDA—RURAL HOUSING DEVELOPMENT TO APPEAR AND SHOW CAUSE WHY IT SHOULD NOT BE FOUND IN CONTEMPT OF COURT" [DOCKET # 16]

MARILYN SHEA–STONUM,
Bankruptcy Judge.

This matter comes before the Court on the following pleadings: (1) debtor's "Amended Motion for Turnover of Property" [docket # 15]; (2) debtor's "Motion for USDA–Rural Housing Development to Appear and Show Cause Why it Should not be Found in Contempt of Court" [docket # 16]; (3) a response to debtor's amended motion for turnover filed by the United States of America, on behalf of its agency, the U.S. Department of Agriculture, Rural Development (the "USDOA") [docket # 17]; (4) the USDOA's response to debtor's motion regarding contempt [docket # 18]; (5) the USDOA's "Motion . . . for an Order Validating Setoff Under 11 U.S.C. § 553" [docket # 21]; (6) "Stipulations of Fact" filed jointly by debtor and the USDOA [docket # 24]; and (7) the USDOA's "Statement of Supplemental Authority" [docket # 25].

A hearing was held at which both parties appeared through counsel. Neither party presented evidence in support of

their position and counsel for both parties indicated that the matter could be decided on the pleadings and their arguments at the hearing. At the conclusion of that hearing the matter was taken under advisement. This proceeding arises in a case referred to this Court by the Standing Order of Reference entered in this District on July 16, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and (O) over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

## BACKGROUND FACTS

1. Debtor's tax year is based on the calendar year.

2. Debtor filed her voluntary chapter 7 bankruptcy petition on February 16, 2011.

3. Debtor owes an unsecured debt to the United States arising from a mortgage deficiency (the "Mortgage Deficiency"). On her Schedule F, debtor lists the amount due and owing for the Mortgage Deficiency at $82,313.19.

4. On debtor's Schedule C–Property Claimed as Exempt, debtor claims, *inter alia*, an "Anticipated 2009/2010 Tax Refund" pursuant to Ohio Revised Code § 2329.66(A)(18). Debtor sets forth the value of the claimed exemption as $1,150.00 and the current value of the refunds, without deducting the exemption, as "unknown."

5. Any amount still due and owing by debtor on the Mortgage Deficiency will be discharged if and when debtor receives a discharge pursuant to 11 U.S.C. § 727.

6. On the matrix of creditors, debtor listed the following two addresses with respect to the Mortgage Deficiency:

Debt Management Servicing Center
Financial Management Service
DMSC–Birmingham Office
PO 830794
Birmingham, AL 35283

Rural Housing Devel.
PO Box 70955
Charlotte, NC 28272

7. On or about February 4, 2011, Ms. Scales' 2009 tax overpayment of $4,792.60 (the "2009 Tax Overpayment") was applied to the Mortgage Deficiency.

8. On or about March 4, 2011, debtor's 2010 tax overpayment of $5,436.00 (the "2010 Tax Overpayment") was applied to the Mortgage Deficiency.

9. On April 7, 2011, the USDOA filed a "Request for Notice" in this bankruptcy case requesting that all notices in the case be sent to it at the following address: United States Department of Agriculture, Centralized Servicing Center, PO Box 66879, St. Louis, MO 63166.

10. On or about April 22, 2011, counsel for debtor sent a document captioned "Notice of § 542 Demand for Turnover of Property" to the USDOA. On May 25, 2011, debtor filed a "Motion for Turnover of Property" [docket # 11] and a hearing on the motion was set for July 6, 2011. No response to the motion was filed and no one appeared at the July 6th hearing on behalf of the USDOA. After that hearing, debtor's counsel contacted the United States Attorney's Office for the Northern District of Ohio to discuss the matter. Prior to that contact, the U.S. Attorney had not been directly notified of debtor's bankruptcy. Debtor filed her "Amended Motion for Turnover of Property" on July 18, 2011.

11. Debtor does not contend that the United States was prohibited from applying the 2009 and 2010 Tax

Overpayments to reduce the Mortgage Deficiency under applicable provisions of Title 26 of the United States Code.

12. On April 4, 2011, the chapter 7 trustee administering this case filed a report of no distribution. The certificates of service attached to the pleadings referenced in paragraph one of this Memorandum Opinion indicate that the chapter 7 trustee was served with a copy of those pleadings. The trustee did not file any response nor did he participate in the hearing on this matter.

## DISCUSSION

### A. Debtor's Standing

Debtor contends that the 2009 Tax Overpayment and the 2010 Tax Overpayment are property of her bankruptcy estate that must be turned over pursuant to § 542 of the Bankruptcy Code. As noted above, each of those overpayments is larger in amount than debtor's claimed exemption in them. Nowhere in the pleadings before the Court does debtor address what should happen to any amount in excess of her exemption should the tax overpayments be deemed property of the bankruptcy estate nor does debtor address whether she has standing under § 542 of the Bankruptcy Code to seek turnover of such property. *See, e.g., In re Sinder,* 102 B.R. 978, 981–82 (Bankr.S.D.Ohio 1989) (and cases cited therein) (questioning whether parties other than trustee and debtor in possession have standing to bring § 542 action).

Because no one has specifically challenged debtor's standing, the Court will not address the issue any further. Should it be determined that a tax overpayment is property of debtor's estate, the Court will require that any associated funds be turned over to the chapter 7 trustee and any allowable exemption be remitted by the trustee to debtor.

### B. The 2009 Tax Overpayment

Debtor addresses the 2009 Tax Overpayment in her "Amended Motion for Turnover of Property." In that pleading debtor makes general references to several different provisions of the Bankruptcy Code:

Now comes Debtor ... and respectfully moves the court to grant this motion for turnover of Debtor's exempt property pursuant to 11 U.S.C. § 522, which is property of the bankruptcy estate as defined by 11 U.S.C. § 541 and required to be delivered to the estate pursuant to 11 U.S.C. § 542. Debtor seeks avoidance and recovery of a transfer pursuant to 11 U.S.C. § 522(g) and (h)....

On or about February 4, 2011, the Department of Treasury applied Debtor's 2009 tax refund, ..., to a debt owed by Debtor to the USDA–Rural Housing Development.... Pursuant to 11 U.S.C. § 547(b), this transfer may be avoided unless and until the creditor establishes a valid setoff in compliance with the requirements of 11 U.S.C. § 553.

 Section 542 of the Bankruptcy Code provides that an entity in possession and control of property of a bankruptcy estate is required to deliver such property to the trustee. The threshold question when evaluating a motion seeking turnover pursuant to 11 U.S.C. § 542 is whether the property to be turned over is property of the estate. What is or is not considered property of the estate in a chapter 7 bankruptcy is, generally, determined as of the date of the petition filing. *See* 11 U.S.C. § 541.

 In general, a taxpayer is considered to hold a property interest in a feder-

al income tax refund as of the end of the tax year to which the refund relates. *See, e.g., In re Richardson,* 216 B.R. 206, 211 (Bankr.S.D.Ohio 1997); *In re Martin,* 167 B.R. 609, 612–13 (Bankr.D.Or.1994). When a taxpayer files for bankruptcy, the debtor's interest in a prior year's income tax refund becomes a part of the debtor's bankruptcy estate. *In re Luongo,* 259 F.3d 323, 335 (5th Cir.2001).

However, the debtor's interest in a *refund* does not necessarily extend to the full value of any *overpayment* of taxes in a given tax year. Rather, the express provisions of the Internal Revenue Code make it clear that the debtor's interest in a refund is contingent on the subsequent statutory determination of what portion of the overpayment, if any, the debtor is entitled to receive as a refund.

*In re Lyle,* 324 B.R. 128, 131 (Bankr. N.D.Cal.2005) (citations omitted). Therefore, if Ms. Scales was entitled to a tax *refund* on the date she filed her petition, that right became property of her bankruptcy estate and any funds associated with the refund would be subject to turnover pursuant to § 542 of the Bankruptcy Code.

▪ A individual's rights relative to a tax overpayment are addressed in 26 U.S.C. § 6402 which provides that "[i]n the case of any overpayment, the Secretary [of the Treasury], ... shall, *subject to subsection (c), (d), (e), and (f),* refund any balance to such person." 26 U.S.C. § 6402(a) (emphasis added). According to subsection (d), an individual's right to recoup a tax overpayment is contingent upon the application of the overpayment to a debt owed to another Federal agency:

(d) Collection of debts owed to Federal agencies.—

(1) In general.—Upon receiving notice from any Federal agency that a named person owes a past-due legally enforceable debt ... to such agency, the Secretary shall—

(A) reduce the amount of any overpayment payable to such person by the amount of such debt;

(B) pay the amount by which such overpayment is reduced under subparagraph (A) to such agency; and

(C) notify the person making such overpayment that such overpayment has been reduced by an amount necessary to satisfy such debt.

26 U.S.C. § 6402(d). *Pettibone Corp. v. U.S.,* 34 F.3d 536, 538 (7th Cir.1994) ("The Internal Revenue Code leaves to the Commissioner's discretion whether to apply overpayments to delinquencies or to refund them to the taxpayer. 26 U.S.C. § 6402(a). Until the Commissioner exercises this discretion, the taxpayer has no right to payment.").

▪ In the case at bar, the 2009 Tax Overpayment was applied to the Mortgage Deficiency under the provisions of 26 U.S.C. § 6402(d) before Ms. Scales filed her chapter 7 bankruptcy petition. Accordingly, as of the petition date, Ms. Scales was not entitled to receive the 2009 Tax Overpayment in the form of a refund and the funds attributable to such overpayment could not become property of her bankruptcy estate. For that reason, debtor's motion for turnover pursuant to § 542 of the Bankruptcy Code must fail.

▪ In her "Amended Motion for Turnover of Property" debtor also makes the conclusory argument that the application of the 2009 Tax Overpayment to the Mortgage Deficiency was an avoidable preference pursuant to 11 U.S.C. § 547(b). Section 547(b) addresses the avoidance of "any transfer of an interest of the debtor in property." As already noted, whether Ms. Scales had any right to receive the

2009 Tax Overpayment was contingent upon the IRS's determination of the amount of tax refund, if any, due her. Once the 2009 Tax Overpayment was applied to the Mortgage Deficiency, Ms. Scales was precluded from claiming any right to payment of those funds. Accordingly, no transfer of an interest in the debtor's property occurred that could form the basis for an action under § 547 of the Bankruptcy Code. *See also, In re Sissine*, 432 B.R. 870, 882 (Bankr.N.D.Ga.2010) ("A taxpayer's overpayment does not create a right to the funds. Rather, the IRS must first determine that the overpayment should become a refund. Only then does the taxpayer have a right to receive the funds."). Debtor's reliance on § 547(b) is, therefore, without any merit.

## C. The 2010 Tax Overpayment

Debtor addresses the 2010 Tax Overpayment in her "Motion for USDA–Rural Housing Development to Appear and Show Cause Why it Should not be Found in Contempt of Court." In that pleading, debtor contends that the USDOA violated § 362 of the Bankruptcy Code when it applied the 2010 Tax Overpayment to the Mortgage Deficiency after debtor's bankruptcy case had been filed and that the amount of the 2010 Tax Overpayment is property of the bankruptcy estate that should be turned over pursuant to 11 U.S.C. § 542.

In its response, the USDOA argues that, because of the netting of amounts pursuant to 26 U.S.C. § 6402(d), Ms. Scales has no refund for tax year 2010 to which she is entitled and, thus, there is no property of the estate to turn over pursuant to § 542 of the Bankruptcy Code. In the alternative, the USDOA argues that application of the 2010 Tax Overpayment to the Mortgage Deficiency was a proper setoff pursuant to 11 U.S.C. § 553, that relief from the automatic stay was not necessary as to the

setoff and, to the extent necessary, the setoff should be retroactively validated.

■ As discussed above, whether Ms. Scales had any right to receive all or some portion of her 2010 Tax Overpayment was contingent upon the IRS's determination of the amount of tax refund, if any, due her for the 2010 tax year. At the time she filed her petition, the IRS had not yet made such determination so, unlike the situation with the 2009 Tax Overpayment, Ms. Scales still held a contingent right to receive some or all of those funds. *Beaucage v. Internal Revenue Service*, 342 B.R. 408, 411 (D.Mass.2006) (noting debtor's error in presupposing that a tax overpayment is an asset of the debtor's estate rather than a property right contingent upon the I.R.S. Secretary's exercise of discretion pursuant to 26 U.S.C. § 6402).

Aside from debtor's argument that the USDOA violated the automatic stay and the USDOA's alternative argument that the automatic stay does not preclude a creditor's right to set off, neither party specifically addresses what effect, if any, debtor's intervening bankruptcy filing had on the netting provisions of 26 U.S.C. § 6402(d).

As for debtor's argument that the USDOA violated that automatic stay when it applied the 2010 Tax Overpayment to the Mortgage Deficiency, the Court notes that, if such an action is deemed to violate the stay, it occurred before the USDOA had been properly notified of debtor's bankruptcy filing. Neither of the addresses listed for the USDOA on debtor's Matrix of Creditors is an address specified by the agency for service in the Register of Agencies maintained on the Court's website pursuant to Federal Rule of Bankruptcy Procedure 5003(e). Additionally, debtor failed to provide notice of her bankruptcy filing to the Office of the United States

Attorney for the Northern District of Ohio as required by Bankruptcy Rule 2002(j)(4).

 Section 362(k)(1) of the Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided in this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." The term "willful," while not defined in the Bankruptcy Code, has been interpreted to mean acting intentionally and deliberately while knowing of a pending bankruptcy filing. *See, e.g., Cuffee v. Atlantic Business & Community Dev. Corp. (In re Atlantic Business & Community Dev. Corp.)*, 901 F.2d 325, 329 (3rd Cir.1990); *Knaus v. Concordia Lumber Co., Inc. (In re Knaus)*, 889 F.2d 773, 775 (8th Cir.1989); *In re Bloom*, 875 F.2d 224, 227 (9th Cir. 1989).

Based on debtor's failure to comply with Bankruptcy Rules 5003(e) and 2002(j)(4), there is no evidence before the Court to indicate that the USDOA had knowledge of debtor's bankruptcy filing until, at the earliest, April 7, 2011, the date on which the USDOA filed a "Request for Notice" in this case which is *after* the 2010 Tax Overpayment was applied to the Mortgage Deficiency. Therefore, even if the automatic stay was violated, there is nothing in the record to support a finding that such violation was willful.

## CONCLUSION

Based upon the foregoing the Court finds debtor's amended motion seeking turnover of the 2009 Tax Overpayment is not well taken and is hereby DENIED. As for the parties' pleadings regarding turnover of the 2010 Tax Overpayment, additional briefing is required to specifically address the effect, if any, of debtor's bankruptcy filing on the application of 26 U.S.C. § 6402(d). Counsel shall have until not later than **February 10, 2012** to file their supplemental briefs. If necessary, response briefs may be filed by not later than **February 17, 2012.** Thereafter the Court will again take the matter under advisement. Once the Court has ruled on the matter involving the 2010 Tax Overpayment a separate final order addressing both matters will be entered.

IT IS SO ORDERED.